**Doris W. HENSLEY, Administratrix of the Estate of Dion Hensley and Charles Hensley and Mona L. Hensley, Plaintiffs–Appellees,**

v.

**Terry L. HARBIN, Defendant–Appellant.**

Court of Appeals of Tennessee,
Western Section,
at Knoxville.

May 2, 1989.

Application for Permission to Appeal Denied by Supreme Court Nov. 6, 1989.

J. Mikel Dixon, Knoxville, for plaintiffs-appellees.

Robert B. Ray, Knoxville, for defendant-appellant.

CRAWFORD, Judge.

This is a wrongful death action. Defendant appeals from the judgment of the trial court on a jury verdict for the plaintiff in the amount of $330,000 compensatory damages and $450,000 punitive damages.

Plaintiff's complaint alleges that defendant, Terry L. Harbin willfully and maliciously shot and killed plaintiff's intestate, Dion Hensley, a 24 year old married man

with no children. Defendant's answer denies the material allegations of the complaint and joins issue thereon and further relies upon the defense of self-defense.

The record reveals that Harbin was a special deputy with the sheriff's department. Sometime prior to May 24, 1986, Harbin experienced the loss of some jewelry from his home and suspected that the decedent Hensley was responsible for taking the jewelry. On May 24, 1986, Harbin went to Hensley's home for the purpose of inducing Hensley to return the missing jewelry. An altercation resulted and Harbin shot Hensley with a pistol causing Hensley's death. Harbin testified that Hensley had attacked him with a brick and a knife and that he fired his pistol in defense of his own life. A criminal court jury in Knox County acquitted Harbin of the homicide charges resulting from Hensley's death.

The first issue presented for review is whether the trial court erred in excluding evidence regarding a specific act of the deceased which could constitute a crime, but which was unknown to the defendant at the time of the altercation.

The trial court sustained plaintiff's objection to the testimony of witness, Arthur Mitchell, but we are unable to find the reason for this exclusion in the record. The offer of proof by counsel's stipulation reflects that about a month before the incident involving the death of Hensley, Mitchell observed Hensley burglarizing his vehicle which was parked on Pleasant Ridge Road. Mitchell reported the incident to the police, but did not swear out a warrant for Hensley's arrest. The stipulated cross examination reflected that Mitchell had been convicted of aggravated assault and public drunkeness and on a prior occasion had given conflicting statements to plaintiff's counsel.

Defendant asserts that the trial court erroneously excluded Mitchell's testimony because the evidence goes to the deceased's character and his industriousness in providing a livelihood for himself, all of which have a direct bearing on the pecuniary value of the deceased's life.

■ Plaintiffs contend that the evidence is not admissible on the question of damages, but cite no authority in support of their contention. Plaintiffs argue primarily that even if the court erred in excluding the evidence, the defendant presented considerable proof of the decedent's bad reputation and prior misbehavior and thus the exclusion of this evidence was harmless error.

T.C.A. § 20-5-113 (1980) provides:

Damages recoverable in wrongful death. —Where a person's death is caused by the wrongful act, fault, or omission of another, and suit is brought for damages, as provided for by §§ 20-5-106 and 20-5-107, the party suing shall, if entitled to damages, have the right to recover the mental and physical suffering, loss of time, and necessary expenses resulting to the deceased from the personal injuries, and also the damages resulting to the parties for whose use and benefit the right of action survives from the death consequent upon the injuries received.

The recovery for wrongful death is based upon the pecuniary value of the life of the deceased which is to be determined upon consideration of his expectancy of life, his age, condition of health and strength, capacity for labor, and for earning money through skill, any art, trade, profession, occupation or business, and his personal habits as to sobriety and industry. *Memphis St. Ry. Co. v. Cooper*, 203 Tenn. 425, 313 S.W.2d 444 (1958).

■ The testimony sought from the witness Mitchell would have reflected upon the deceased's character and his ability and inclination to honestly earn a livelihood. Certainly the commission of a crime places one's future in jeopardy and if convicted could render one's ability to support his family completely ineffectual. In our opinion, the evidence of a commission of a crime is competent on the question of the pecuniary value of the life of the deceased, and the court erred in excluding such testimony in this case.

Having determined that the trial court erred in excluding the evidence, we must now consider the effect of such exclusion.

T.R.A.P. 36(b) provides:

(b) Effect of Error.—A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

A determination of the pecuniary value of a deceased's life is a very difficult question. Many factors go into such a determination and although the record in the case before us reflects that there were other incidents of specific acts of misconduct on the part of the deceased, we cannot say that the lack of evidence that the deceased committed a burglary would not have affected the jury's verdict. Granted, we have no way of knowing what weight, faith and credit the jury would place on Mitchell's testimony, but if the jury did place credence on the testimony, the evidence could well have influenced the jury in its determination as to the pecuniary value of the decedent's life.

Accordingly, the judgment of the trial court is reversed and this case is remanded for a new trial. Costs of appeal are assessed against the appellees.

In view of our decision on the first issue presented for review, we find it unnecessary to address the second issue dealing with the amount of the jury verdict.

FARMER and NEARN (Retired), JJ., concur.