Nada McILROY f/k/a Nada Simmons, Plaintiff–Respondent,

v.

Clifford SIMMONS, Defendant–Appellant.

No. 59766.

Missouri Court of Appeals, Eastern District, Northern Division.

June 30, 1992.

R. Andrew Beeny & Associates, P.C., R. Andrew Beeny, St. Louis, Jackie M. Marcoux, Creve Coeur, for defendant-appellant.

E. Rex Bradley, Louisiana, for plaintiff-respondent.

PUDLOWSKI, Judge.

Respondent (Nada McIlroy) filed a motion to modify the parties' decree of dissolution in the Circuit Court of Audrain County seeking an increase in child support and a motion for contempt against appellant (Clifford Simmons). Appellant filed a cross-motion to modify seeking a reduction in child support. This appeal follows from the judgment of the circuit court. We affirm and modify.

The facts of the case are as follows: In 1973 the Circuit Court of Audrain County entered a decree of dissolution as to the marriage of respondent and appellant. Three children were born of this marriage, Brent Nicholas Simmons, born August 28, 1964, Nicholle Dionne Simmons, born August 21, 1967, and Natalea Renee Simmons, born February 8, 1971. Respondent was awarded custody and control of the three children with reasonable rights of visitation for appellant. Appellant was ordered to pay $350.00 per month for child support.

In March of 1980, on a motion to modify filed by respondent, the amount of appellant's child support payment was increased. In August of 1987 the parties entered into a stipulation for settlement to resolve a motion to modify to increase child support as to Nicholle. In anticipation of Nicholle entering college appellant agreed to pay $600.00 a month beginning September 10, 1987, to be paid until Nicholle graduated from college, or December 31, 1991, whichever came first. Thus, at the time of the present action appellant was obligated to pay $210.00 a month for Natalea and $600.00 a month for Nicholle.

On May 4, 1990, respondent filed a motion to modify seeking an increase in child support for college expenses for Natalea. In addition, respondent filed a motion for contempt because of appellant's failure to pay child support and a motion for appellant to pay respondent's attorney's fees related to the other two motions. Appellant filed a cross-motion requesting a reduction of child support payments for Natalea and Nicholle and appellant's attorney's fees associated with appellant's cross-motion.

On September 26, 1990, at the close of the evidentiary hearing on the parties' respective motions and based upon the evidence adduced at the hearing appellant asked the trial court to terminate appellant's obligation to pay child support for Natalea, retroactive to October 1, 1989, pursuant to §§ 452.340.3(5) and 452.340.5.[1]

On November 26, 1990, the trial court entered a judgment which in relevant part required appellant to (1) pay increased child support for Natalea in the amount of $500.00 per month; (2) pay respondent's attorney's fees; and (3) pay back child support for Nicholle in the amount of $4,200. Appellant appeals these parts of the judgment. Additional facts will be developed as necessary.

---

**1.** All statutory references are to RSMo Supp. 1991 unless otherwise noted.

In reviewing a judgment of modification of a decree of dissolution we must sustain the judgment of the trial court unless no substantial evidence supports it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Grams v. Grams,* 789 S.W.2d 846, 847 (Mo.App.1990).

■ Appellant's first point on appeal claims the trial court erroneously applied the law set forth in §§ 452.340.3(5) and 452.340.5 by failing to terminate, as of October 1, 1989, appellant's obligation to pay child support for his daughter Natalea. Appellant argues this obligation ceased because on October 1, following Natalea's graduation from high school, she was not enrolled in an institution of vocational or higher education.

Natalea graduated from Bowling Green High School in May of 1989. From September 9, 1989, through July 9, 1990, Natalea attended the Italy Technical Institute of Accounting in Odgiono, Italy. The costs of this educational indoctrination was paid for by a Rotary Scholarship, child support payments, Natalea's own money and funds sent by her grandparents. There was no fee to attend the school. Following the completion of her studies in Italy, Natalea returned to Missouri and enrolled at the University of Missouri–Columbia. She was attending classes at the time of the hearing in this matter in September of 1990.

Appellant argues that his obligation to pay child support ceased under § 452.340.-3(5) which provides that a parent's obligation to make child support payments terminates when the child reaches age eighteen, unless the provisions of subsection 4 or 5 of this section apply. Respondent argues subsection 5 applies. The relevant part states:

> If the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age

of twenty-two, whichever first occurs. If the circumstances of the child manifestly dictate, the court may waive the October first deadline for enrollment required by this subsection.... As used in this section, an 'institution of vocational education' means any post secondary training or schooling for which the student is assessed a fee and attends classes regularly. 'Higher education' means any junior college, college, or university at which the child attends classes regularly.

Appellant contends that the school Natalea attended does not fit the definition of higher education under the statute because it was not a junior college, college, or university. Nor does the school Natalea attended in Italy fit the definition of "institution of vocational education" in that it did not assess a fee. Appellant concludes Natalea did not fall within the exception under subsection 5 and, therefore, Natalea was emancipated.

In increasing appellant's child support payments for Natalea the trial court found that she was an unemancipated child enrolled full-time at the University of Missouri. The court gave no rationale for its judgment. Neither party requested findings of fact or conclusions of law on this issue. We will resolve all fact issues for which no specific findings were made in accordance with the result reached. *Hahn v. Hahn,* 785 S.W.2d 756, 757 (Mo.App. 1990).

Appellant urges us that the school Natalea attended was neither by statutory language a school of "higher education" nor an "institution of vocational education." § 452.540.5. We need not decide what kind of educational institution she attended in Italy. The statute authorizes a trial court to waive the October first deadline if the circumstances of the child manifestly dictate. There is ample evidence to support such a determination. Natalea met all the requirements of § 452.340.5 except that the school in Italy did not charge a fee. Immediately following the completion of her studies in Italy she began attending the University of Missouri. To punish Natalea for trying to advance her education be-

cause she did not pay a fee, yet provided room, board, transportation and books, would violate the spirit of law. In addition, the statute specifically allows for waiver of the October first deadline and the evidence supports such a ruling here. Therefore we cannot say that the trial court erroneously applied the law. Point denied.

■ In his second point appellant claims the trial court erred and abused its discretion in awarding respondent's attorney's fees associated with her motion to modify and motion for contempt. Under § 452.-355.1 RSMo 1988 the trial court, after considering all relevant factors, may order a party to pay for attorney's fees, including sums for legal services rendered and costs incurred prior to commencement of the proceeding or after entry of judgment. In addition, under § 452.355.2, in any proceeding which the non-payment of child support is an issue under the provisions of a court order or decree and the court finds that the obligor has failed, without good cause, to comply with the order of the court, the court shall order the obligor to pay a reasonable amount for legal services.

In determining whether attorney's fees should be awarded under § 452.355 the trial court should consider factors in addition to the financial resources of the parties. *Echele v. Echele,* 782 S.W.2d 430, 440 (Mo. App.1989) (citation omitted). These factors will be balanced differently case by case and only when the trial court is shown to have abused its broad discretion should its order be overturned. *Id.*

After considering the evidence in this case, the court made the following findings:

1) That [appellant] was in actual, willful and contemptuous violation of the trial court's order requiring payment of child support to Natalea and Nicholle;

2) That [appellant's] refusal to pay was willful, intentional and a deliberate and contemptuous violation of the orders of the trial court.

3) That [appellant] was found to have the present ability to comply with the orders of the trial court regarding child support and that [appellant] was the owner of substantial personal assets and that there was no showing by any competent evidence that [appellant] had disposed of the same;

4) That [appellant] had intentionally and contemptuously placed himself in a position that he had not complied with the court's support order and that [appellant] had disposed of substantial investments and had failed to use any of such proceeds for payment of child support as ordered by the trial court while [appellant] had the means to have paid this child support; and

5) That [appellant] had substantial assets and investments which provided him with substantial money available for use to pay child support and [appellant] failed to use the money for such payments.

There is sufficient evidence to support all of these findings by the trial court and there is additional evidence which supports the trial court's ruling ordering appellant to pay respondent's attorney's fees. Not only was the trial court within its discretion in ordering appellant to pay such fees, but it was required to do so under § 452.355.2. Point denied.

■ Appellant's final point is that the trial court erred in requiring appellant to pay arrearages of child support for Nicholle in the amount of $4,200 because the evidence adduced at trial indicated the total arrearage for Nicholle was $3,600. The evidence at trial showed that appellant was to pay child support for Nicholle in the amount of $600.00 per month and that appellant was six months behind in these payments. Respondent has agreed that the total arrearage was $3,600 rather than $4,200 and has asked this court to modify the judgment.

Rule 84.14 permits this court to "award ... or give such judgment as the court ought to give." A modification of a judgment is favored where no further factual adjudication is necessary because this will lay the litigation to rest and settle the parties' rights. *Alvino v. Alvino,* 659 S.W.2d 266, 272 (Mo.App.1983) (citation omitted). In that there is no factual dis-

pute as to the amount in arrearage we modify the judgment entered by the trial court.

First, we modify the findings of the trial court to read: 8. That the respondent is in actual, willful and contemptuous violation of this court's order requiring payment of child support on the 10th day of each calendar month for Nicholle Dionne Simmons, in the amount of Six Hundred Dollars ($600.00) per month for the months April, May, June, July, August, September, 1990, for a total arrearage in the amount of Three Thousand Six Hundred Dollars ($3,600.00).

The order of the court is also modified to conform with this finding and should read: (1) The respondent shall pay all child support arrearages for, Nicholle Dianne Simmons, in the amount of Three Thousand Six Hundred Dollars ($3,600.00), . . . .

As modified, the judgment is affirmed.

CARL R. GAERTNER, P.J., and SIMON, J., concur.