**Pamela HAMILTON, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 93–102.**

United States District Court, District of Columbia.

Jan. 7, 1994.

---

Andrea L. Koyner, Judy L. Feinberg, Washington, DC, for plaintiff.

Steven Anderson, Asst. Corp. Counsel, D.C. Washington, DC, for defendant.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are defendant's motion for reconsideration regarding access to decedent's juvenile records and plaintiff's opposition thereto. Upon consideration of the entire record, the motion for reconsideration is granted, and defendant shall be allowed limited access to such records.

■ In her capacity as the personal representative of decedent's estate and as next of kin, plaintiff has brought the instant action against defendant for negligently causing her son's death, pursuant to the Wrongful Death Act, D.C.Code § 16–2701; Survival Statute, D.C.Code § 12–101; and federal civil rights statute, 42 U.S.C. § 1983. In a wrongful death or survival action, the decedent's next of kin or personal representative may recover an amount based on decedent's probable net future earnings discounted to present value. *Runyon v. District of Columbia,* 463 F.2d 1319, 1321–22 (D.C.Cir.1972); *Hughes v. Pender,* 391 A.2d 259, 261 (D.C.1978). Plaintiff seeks such damages. Counts Three, Four, Six, Seven and Eight state that decedent suffered damages based on "the permanent impairment of his earning capacity for his reasonable life expectancy" and that decedent's beneficiaries suffered damages by the "financial loss in the form of future accretions to the decedent's Estate." Complaint, at 11, 12, 14, 15–16.

■ Defendant seeks discovery of decedent's juvenile records to determine decedent's expected lifetime earnings. Under Rule 26 of the Federal Rules of Civil Procedure, the juvenile records are discoverable if they are relevant, not privileged, and reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26. Juvenile records are relevant to determining the decedent's expected lifetime earnings because they are probative of the occupational category that the decedent may have entered. *See Hughes v. Pender,* 391 A.2d at 263 (holding that trial court properly excluded economist's projection of decedent's future earnings because it failed to consider decedent's juvenile arrest record). *Cf. Hensley v. Harbin,* 782 S.W.2d 480 (Tenn.1989) (holding decedent's criminal record admissible in wrongful death action because of its relevance to decedent's ability and inclination to honestly earn a livelihood).

Juvenile records are confidential, however, and may not be disclosed, except to courts and specified government officials. D.C.Code § 16–2332 (juvenile social records); *Id.* § 16–2333 (juvenile police records). Other interests may also require that the statutory right to confidentiality give way to another party's interest in disclosure. *District of Columbia v. Cooper,* 483 A.2d 317, 322 (D.C.1984). The District of Columbia Court of Appeals has held that where plaintiff's juvenile records are highly probative of an element of plaintiff's damages, confidentiality must give way to disclosure. *Id.* at 319, 323 (plaintiff who sued for psychological injuries allegedly incurred in prison was not entitled to confidentiality of juvenile records which proved that such damages occurred before imprisonment). The Court of Appeals reasoned that, in addition to the probative value of the juvenile records, other factors weighed in favor of disclosure:

> [W]hile the confidentiality statute enables one to live free from the embarrassment of youthful transgressions, it was surely not meant to be used as an offensive weapon. Having thrown his psychological history into issue, [plaintiff] may not invoke the statute to keep out relevant evidence which tends to contradict his claim. He cannot have it both ways.

*Id.* Similarly, in the instant case, plaintiff impermissibly seeks to use the confidentiality statute as an "offensive weapon" to prevent defendant from gaining access to information relevant to her asserted damages based on decedent's probable future earning capacity.

Additionally, the purpose of maintaining confidentiality of juvenile records is "to further the rehabilitation of young offenders by relieving them of the enduring stigma of their misconduct." *Id.* This purpose is not jeopardized by disclosure in the instant case where, as here, the juvenile is deceased. Because the considerations weighed under District of Columbia law indicate that decedent's statutory right of confidentiality has been lost for purposes of this litigation, defendant's motion is granted. Accordingly, it hereby is

ORDERED, that defendant's motion is granted. It hereby further is

ORDERED, that defendant shall be granted authority to review, copy, and to utilize solely for the purposes of this litigation, the records maintained by the District of Columbia concerning the subject matter of this action and pertaining to Michael Delonti Harris. Said agencies include the Office of Corporation Counsel (excluding attorney-work product or matters subject to attorney-client privilege), the Department of Human Services, Metropolitan Police Department, and Superior Court of the District of Columbia. It hereby further is

ORDERED, that the custodian of the records for the Department of Human Services and the Family Division of the Superior Court and other District agencies shall make these records available for inspection and copying by defendant. It hereby further is

ORDERED, that the following measures shall be observed in order to preserve the confidentiality of the records and all documents discussing information contained therein:

1. No person receiving the confidential records or information contained therein shall publish, disclose, or use it for any purpose other than the instant litigation without special Order of the Court.

2. Any employees or agents of the parties receiving information relating to the confidential records shall be informed of the terms of the Order and that they are bound hereby. It shall be the responsibility of counsel for the parties to inform such persons and to obtain the required assurances of confidentiality.

3. Defendant agrees to reveal any records obtained only to its experts and witnesses in this case.

The foregoing provisions of this Protective Order shall remain in effect until further Order of this Court.

SO ORDERED.