**DELTA AIR LINES, INC., Appellant,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent.**

No. 77667.

Supreme Court of Missouri, En Banc.

Oct. 24, 1995.

Juan D. Keller, John P. Barrie, Carol Lewis Iles, St. Louis, Sari Katz Earl, Delta Air Lines Law Department, Atlanta, Ga., for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gretchen Garrison, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERTSON, Judge.

Section 143.451.4, RSMo 1994, provides an apportionment formula for corporations that operate interstate transportation services. That apportionment formula uses mileage as the basis for determining the percentage of the corporation's income that must be attributed to Missouri for Missouri income tax purposes. The Director of Revenue ("Director") assessed Delta Air Lines, Inc. ("Delta") Missouri income tax liability. The Director included Delta's "bridge miles"—the miles Delta airplanes flew over Missouri without physically landing in or taking off from a facility in Missouri—in the numerator of the apportionment fraction. The Administrative Hearing Commission affirmed the Director's use of bridge miles in the numerator. This case involves the construction of a revenue law of this state. We have jurisdiction. Mo. Const. art. V, § 3. We reverse.

I.

The pertinent facts are stipulated. Delta Air Lines is incorporated in Delaware and headquartered in Atlanta, Georgia. Delta is licensed to carry passengers, cargo and mail in interstate and foreign commerce. Delta uses both the Kansas City and St. Louis airport facilities as part of its interstate flight system. Delta does not operate any strictly intrastate flights in Missouri. Delta does, however, operate numerous flights that neither take off from nor land at Missouri airport facilities but travel in the airspace above Missouri. These flights are called "overflights," and the miles flown over Missouri during overflights are the "bridge miles"

over which (or perhaps more accurately in this case under which) this dispute arose.

The overflights had no physical contact with Missouri. No passengers or cargo left or boarded the airplane in Missouri. Delta did not refuel in Missouri during these overflights. No private or state or local public services were provided to Delta as a result of the overflights. The overflights generated no revenue in Missouri, utilized no state or local public facilities in Missouri, and caused no commerce to be conducted in Missouri.

The Director audited Delta's Missouri income tax returns for the fiscal years ending June 30 of 1987, 1988, 1989 and 1990. During each of these years, Delta apportioned its income by using a fraction, the numerator of which was Delta's miles flown within Missouri and the denominator of which was the total of Delta's system-wide miles. Delta included in the numerator miles flown over Missouri during flight segments originating from or terminating at a Missouri airport facility, but did not include bridge miles. During the years at issue, Delta used the same formula it had historically used in prior Missouri income tax returns. Following the audit, the Director adjusted Delta's return to include the bridge miles in the numerator of the fraction. The Director conceded that her determination that bridge miles were part of the numerator signified a divergence from past policy and practice.

This adjustment increased Delta's apportionment factor, on average, from 0.434% to 1.498% and, as a result, Delta owed substantial amounts of additional taxes. The Administrative Hearing Commission determined that the language of section 143.451.4 supported the Director's conclusion that the legislature intended to include bridge miles in the numerator of the section 143.451.4 apportionment formula. This appeal followed.

## II.

■ Delta is a corporation subject to section 143.451.4, RSMo 1994. § 143.441.1(2), RSMo 1994. Section 143.451.4 provides:

A corporation described in subdivision (2) of subsection 1 of section 143.441 shall include in its Missouri taxable income all income arising from all sources in this state and all income from each transportation service wholly within this state, from each service where the only lines of such corporation used are those in this state, *and such proportion of revenue from each service where the facilities of such corporation in this state and in another state or states are used,* as the mileage used over the lines of such corporation in the state shall bear to the total mileage used over the lines of such corporation.

[Emphasis added.] Construction of a statute is a question of law. *Staley v. Missouri Director of Revenue,* 623 S.W.2d 246 (Mo. banc 1981). As to questions of law, this Court is not bound by the determinations of the Administrative Hearing Commission but conducts a *de novo* review. *Gammaitoni v. Director of Revenue,* 786 S.W.2d 126, 128 (Mo. banc 1990).

■ "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning." *Farmers' & Laborers' v. Director of Revenue,* 742 S.W.2d 141, 145 (Mo. banc 1987). If the right to tax is not conferred by plain language, it is not extended by implication. *United Air Lines, Inc. v. State Tax Commission,* 377 S.W.2d 444, 449 (Mo. banc 1964).

The Director argues that the word "service" used in section 143.451.4 means Delta's entire "system" of airline transportation and is not limited to an individual flight or trip that uses a Missouri facility. The Director contends that this "system," when considered as a whole, makes use of "the facilities of [Delta] in this state" because *some* Delta flights use Missouri airport facilities. Therefore, her argument continues, all of the revenue arising from Delta's "system" is subject to apportionment. According to the Director, any passage of Delta's airplanes over Missouri is "an essential part of the entire income-producing movement of the aircraft from point A to point B" and that system uses Missouri facilities even if it does not touch Missouri on a particular flight. By

replacing the word "service" with "system," the Director is free to conclude that all miles *over* Missouri are miles in Missouri for apportionment purposes.

The Director identifies the critical phrase in the statute—"each service where facilities of such corporation . . . are used"—but interprets it incorrectly.

■■ As we have previously stated, the plain meaning of words supply their statutory definition unless the legislature provides a definition. The plain meaning is found in the dictionary. *Asbury v. Lombardi,* 846 S.W.2d 196 (Mo. banc 1993). "Service" is defined as "a regularly scheduled trip over a public transportation route." *Webster's Third New International Dictionary* 2075 (1976). "Service" is not commonly understood as a synonym for "system," and it is plainly defined to mean exactly what the Director says it does not mean—a regularly scheduled trip.

Further, the Director's contention that "service" means "system" conveniently ignores the statute's use of the modifier "each" when referring to service. "Each" is commonly understood to mean "one." *Id.* at 713. "Each service" would plainly mean each regularly scheduled trip—each flight. If "service" means "system," we are left with a statute that says, in effect, "each system." Not only is such an interpretation inconsistent with the plain language of the statute, it is also redundant. Delta has but one system. It does not operate numerous airline systems. The Director concedes as much.

■ Construing tax statutes, as we must, "in favor of the taxpayer and against the taxing authority," *Brown Group, Inc. v. Administrative Hearing Commission,* 649 S.W.2d 874, 881 (Mo. banc 1983), we reject the Director's interpretation of "service" as it applies in section 143.451.4.

Instead, we hold that section 143.451.4 requires Delta to include only that mileage in the numerator of the apportionment formula that reflects "each service [flight] where the facilities of [Delta] in the state . . . are used." § 143.451.4. Because a facility is "something . . . that is built, constructed, installed or established to perform some particular function or to serve or facilitate some particular

end," *Webster's Third New International Dictionary* 813 (1976), section 143.451.4 does not require Delta to include mileage that does not use a Missouri facility in the apportionment formula.

### III.

The decision of the Administrative Hearing Commission is reversed.

HOLSTEIN, C.J., BENTON, PRICE, LIMBAUGH and COVINGTON, JJ., and WELSH, Special Judge, concur.