STATE of Missouri, ex rel., DIVISION OF CHILD SUPPORT ENFORCEMENT, and Marjorie Gosney, Appellants,

v.

William GOSNEY, Respondent.

No. 69433.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 27, 1996.

Andrew R. Lange, Asst. Pros. Atty., Scotland County, Memphis, for Appellants.

Wallace W. Trosen, Kirksville, for Respondent.

DOWD, Presiding Judge.

The State of Missouri on behalf of Marjorie Gosney ("Mother") appeals from the judgment of the circuit court denying the State's motion for contempt against William Gosney ("Father") for failure to pay child support. We reverse and remand for further proceedings consistent with this opinion.

The marriage of Father and Mother was dissolved on August 10, 1988. During the marriage, the couple had two children, Jennifer Marie Gosney, born December 18, 1969, and Vicki Jeannine Gosney, born October 12, 1974. As part of the dissolution decree, the court awarded father custody of Jennifer and awarded mother custody of Vicki. The dissolution decree also ordered Father to pay mother $275 per month child support.

Vicki graduated from high school in May 1993. She then enrolled in the Northeast Missouri Bible College ("NMBC") for the following fall semester. Vicki attended NMBC during the 1993–94 and 1994–95 school years. At the time of the trial, Vicki was enrolled for the fall semester of 1995. Father continued making child support payments for Vicki until June 9, 1994, when father wrote mother a letter stating that he was ceasing child support payments because he had "no knowledge of the type and extent of Vicki's education." On July 9, 1994, Moth-

er responded to Father's letter informing him of Vicki's enrollment in NMBC. Father, however, failed to make any further support payments.[1]

On June 7, 1995, the Division of Child Support Enforcement and mother ("State") filed a Motion for Contempt and Order to Show Cause against Father for failure to pay child support pursuant to § 452.340.5, RSMo Cum.Supp.1996.[2] The circuit court denied the State's motion. The court found Vicki was over the age of eighteen years, was not enrolled in an institution of vocational or higher education, and was, therefore, emancipated. The State appeals this judgment.

The applicable standard of review of this case is governed by the often-cited principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We must sustain the judgment of the trial court unless it is against the weight of the evidence, is unsupported by substantial evidence, has erroneously declared the law, or has erroneously applied the law. *Id.* at 32.

Generally, parental obligation to pay child support terminates under § 452.340.3(5) when the child reaches age eighteen. Pursuant to § 452.340.5, the support obligation may continue past the age of eighteen if

... the child is enrolled in an institution of vocational or higher education not later than October first following graduation from a secondary school and so long as the child continues to attend such institution of vocational or higher education, the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs.... As used in this section, an *"institution of vocational education"* means any postsecondary training or schooling for which the student is assessed a fee and attends classes regularly. *"Higher education"* means any junior college, college, or university at which the child attends classes regularly.

In its only point on appeal, the State contends that the trial court erroneously ap-

1. At the time of trial, Father was approximately $4125 in arrears.

2. Unless otherwise noted, all statutory citations are to RSMo Cum.Supp.1996.

plied §§ 452.340.3 and 452.340.5 when it denied the State's motion for contempt and effectively terminated Father's obligation to pay child support for Vicki. The State argues Father's obligation continues because Vicki has been enrolled in NMBC, an institution of vocational or higher education, since graduation from high school, and is not yet twenty-two years of age. Father argues that because NMBC is not accredited and the credits Vicki earned at NMBC cannot transfer to an accredited school, NMBC does not fit within the statutory exception's definitions.

■ We, therefore, must resolve whether NMBC qualifies as an institution of vocational or higher education under § 452.340.5. Statutory construction is a question of law and our goal is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *Delta Air Lines, Inc. v. Director of Revenue,* 908 S.W.2d 353, 355 (Mo. banc 1995).

Section 452.340.5 itself includes the definitions for institutions of vocational or higher education. The statute provides that *"any* postsecondary training or schooling for which the student is assessed a fee and attends classes regularly" is an institution of vocational education; and *"any* junior college, college, or university at which the child attends classes regularly" constitutes higher education. (Emphasis ours). By its express terms, § 452.340.5 does not require an institution to have certain accreditation, nor do the definitions limit the child to certain types of institutions, although this is what father urges us to read into the statute.

The instant case is similar to *McIlroy v. Simmons,* 832 S.W.2d 949 (Mo.App. E.D. 1992). In *McIlroy,* this court upheld the continuation of the father's support payments while the daughter attended the Italy Technical Institute of Accounting even though the Institute did not charge a fee. *Id.* at 951. The court reasoned that "[t]o punish Natalea for trying to advance her education because she did not pay a fee, ... would violate the

spirit of the law." *Id.* at 951–52. We find that the same result is warranted here.

Vicki enrolled in NMBC for the fall semester immediately after graduation from high school to pursue a diploma in biblical studies that is offered by NMBC. During each semester at NMBC, Vicki attended between six and thirteen hours of classes and was assessed a fee for the credits she earned.[3] At the time of trial, Vicki was enrolled at NMBC for ten hours of credit. During the trial, Vicki testified to possibly pursuing classes in advanced biblical studies which NMBC offers for those students who complete the requirements for the two-year diploma. We do not need to decide what kind of educational institute NMBC is; we are satisfied that Vicki has met all the requirements of § 452.340.5. To hold otherwise, we believe, would violate the purpose of § 452.340.5.

The denial of the State's motion for contempt against Father is reversed and we remand for further proceedings consistent with this opinion.

REINHARD and GARY M. GAERTNER, JJ., concur.

---

3. In the NMBC student handbook, tuition fees per semester for a full-time student were $600.

Part-time students were charged $50 a semester hour.