Honorable Jim Froelker State Representative, District 111 State Capitol Building, Room 109B Jefferson City, MO 65101-6806
Dear Representative Froelker:
You have submitted a request for an opinion from this office whether a member of the board of directors of the Sullivan Fire Protection District may hold any lucrative office or employment under this state or any political subdivision of this state while serving as a member of the board of directors of that fire protection district. In the information you submitted, you have stated that the Sullivan Fire Protection District includes portions of Franklin, Washington, and Crawford Counties, that none of those counties have a charter form of government, and that none have a population in excess of 900,000 inhabitants.
Section 321.015, RSMo 2000, provides that "[n]o person holding any lucrative office or employment under this state, or any political subdivision thereof . . . shall hold the office of fire protection district director. . . ." Thereafter, there are several exceptions to this prohibition, the pertinent ones being that the section does not apply
 [T]o any county of the first or second class not having more than nine hundred thousand inhabitants which borders any three first class counties; nor shall this section apply to any first class county without a charter form of government which adjoins both a first class county with a charter form of government with at least nine hundred thousand inhabitants, and adjoins at least four other counties.
Franklin County qualifies under the first quoted exception in that it is a county of the first class with fewer than 900,000 inhabitants that borders three first class counties, Jefferson County, St. Louis County, and St. Charles County. Franklin County also qualifies under the second quoted exception in that it is a first class county without a charter form of government which adjoins a first class county with a charter form of government with at least 900,000 inhabitants (St. Louis County) and adjoins at least four counties, the three previously mentioned, plus Warren, Gasconade, Crawford, and Washington.
The purpose of statutory construction is to ascertain the legislature's intent. Budding v. SSM Healthcare Sys.,19 S.W.3d 678 (Mo.banc 2000). The words should be considered in their plain and ordinary meaning. State ex rel. Div. of Child SupportEnforcement v. Gosney, 928 S.W.2d 892 (Mo.Ct.App. 1996).
Section 321.015 states a general prohibition that directors of fire protection districts cannot contemporaneously hold offices or employment by the state or its political subdivisions. It then lists a series of exceptions to that general proposition. Exceptions to general propositions are to be narrowly construed.Butler v. Mitchell-Hugeback, Inc., 895 S.W.2d 15 (Mo.banc 1995). However, the exceptions referenced above are clear and remove members of the board of directors of such fire protection districts from the prohibition of holding offices or employment from the state or other political subdivisions. When the language is clear and unambiguous, there is no room for a contrary construction. Brownstein v. Rhomberg-Haglin Assoc., Inc.,824 S.W.2d 13 (Mo.banc 1992). Accordingly, a director of the Sullivan Fire Protection District is not prohibited from holding a lucrative office or employment with the state or a political subdivision.
 CONCLUSION
Because the Sullivan Fire Protection District lies within Franklin County, which is a first class county with fewer than 900,000 inhabitants and borders three first class counties, and because Franklin County is a first class county without a charter form of government, which adjoins a first class county with a charter form of government with at least 900,000 inhabitants and adjoins at least four other counties, directors of that district may contemporaneously hold the position of director and hold a lucrative office or be employed by the state or a political subdivision thereof.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General