STATE ex rel. Robert WOLFRUM
and Bevy Beimdiek, Relators,

v.

The Honorable Melvyn W. WIESMAN,
Respondent.

No. SC 88294.

Supreme Court of Missouri,
En Banc.

May 22, 2007.

Rehearing Denied June 26, 2007.

Beverly A. Beimdiek, Robert C. Wolfrum, St. Louis, for Relators.

Douglas J. Sidel, Office of St. Louis County Prosecuting Attorney, Clayton, for Respondent.

Stanley Johnson, Clayton (Additional address), pro se.

Stanley Johnson, Mineral Point, pro se.

MARY R. RUSSELL, Judge.

Relators Robert Wolfrum and Bevy Beimdiek, employees of the Missouri State Public Defender System, Capital Litigation Division, seek a writ that would prevent Respondent Judge Wiesman from requiring them to try without delay a capital case they are unprepared to take to trial.[1]

---

1. This Court has jurisdiction pursuant to Mo. CONST. art. V, section 4.

The preliminary writ of prohibition previously issued in this case is made absolute, as this Court finds that Respondent should have granted Relators' request for additional time to prepare for trial.

## Background

Relators are appointed counsel for Stanley Johnson. Johnson was serving a prison sentence for stealing and was incarcerated in the Farmington Correctional Center when DNA evidence linked him to an unsolved 1994 rape and murder. The State charged him with first-degree murder and forcible rape on September 6, 2006, and he was subsequently transferred to the higher-security prison at Potosi due to the seriousness of the new charges.

On September 25, Johnson filed a request for final disposition of indictments, informations, or complaints pursuant to the Uniform Mandatory Disposition of Detainers Law (UMDDL), sections 217.450–217.520, RSMo 2000.[2] The grand jury's indictment of Johnson was filed on November 20, and Johnson was arraigned on December 13. He requested a public defender on December 21, and Relator Wolfrum entered his appearance for Johnson on December 22.

Respondent held a scheduling hearing on Johnson's case on January 19, 2007, at which time Relator Wolfrum[3] filed a "Scheduling Memorandum in Connection with Entry" that requested that "the Court refrain from setting any trial date until counsel can give a reasonably confident indication that counsel can be ready for trial any date chosen." Relator Wolfum announced repeatedly that he was "currently unprepared to try this case" and requested additional time to prepare Johnson's defense.

In requesting a continuance for Johnson's trial, Relator Wolfrum detailed that the State intended to seek the death penalty, that his office had been on the case less than 30 days, and that the State had not yet disclosed all discovery.[4] He articulated that the public defender's capital division was unprepared to proceed on Johnson's trial because it was burdened by a substantial capital case load and had limited investigatory resources.[5] Relator Wolfrum explicitly stated that he would not be able to provide Johnson effective counsel if the trial date was not continued.[6] He argued that "reasonable requests for additional time should be accommodated by the Court," particularly because section 217.460 permits the trial court to permit

**2.** All statutory references are to RSMo 2000.

**3.** Relator Beimdiek entered as Johnson's cocounsel after the scheduling hearings.

**4.** At the January 19, 2007, scheduling hearing, the State argued that it had yet to inform defense counsel of the aggravating circumstances it planned to file in Johnson's case because it was awaiting mitigating evidence from the public defender's office. The State provided defense counsel with some requested discovery during the scheduling hearing. The State did not file its "Motion of Intent to Seek the Death Penalty and Aggravating Circumstances" until February 1, 2007, about six weeks before the scheduled trial date.

**5.** At the time of Relators' writ petition, Relator Wolfrum had a case load of five capital cases and Relator Beimdiek had six capital cases. Additionally, Relator Wolfrum is the supervisor for the capital division and was currently managing seven attorneys with a total of 20 first-degree murder cases pending. The office has one investigator and two mitigation specialists to work on all of its cases. In addition, Johnson is incarcerated in Potosi, an 80 mile drive from Relators' office.

**6.** At the time of the request for a continuance, DNA and psychiatric experts had not been retained, witnesses had not been interviewed, all discovery had not been disclosed, and motions had not been filed.

additional reasonable time for "good cause."

Johnson vehemently opposed Relator Wolfrum's arguments for delaying his trial. He demanded to be tried on the charges within 180 days pursuant to section 217.460, stating: "The Defendant also gives notice that he will not waive this demand for speedy trial and that no attorney appointed to represent the Defendant will have the right to waive this demand. . . ." Johnson argued that his counsel could not alter the 180–day limit because it would deny him his rights under that law. He complained that the pending charges had caused him to be moved to a more restrictive prison environment, which included "sleeping on a concrete bed" and limited release from his cell. Johnson affirmed that he was aware that his counsel would not be ready to provide him an effective defense if his trial was not delayed and expressed his willingness to go to trial with unprepared counsel.

Respondent denied Relator Wolfrum's requests for additional time and his oral motion to withdraw based on his inability to be ready for trial. Trial was set for March 12, 2007. Respondent explained in a supplemental hearing that he found Relator Wolfrum's request for a continuance was reasonable, given the short amount of time that defense counsel had been on the case and the complexity of defending a capital case.

Relators now seek relief from this Court, requesting a writ of prohibition that prevents Respondent from convening the trial as scheduled. They argue that Respondent wrongly refused to grant them additional time to prepare Johnson's defense because the plain language of section 217.460 permits a continuance in this case. They assert that section 217.460 requires only a showing of "good cause" before a continuance is granted, regardless of the defendant's consent.

### Standards for Review

A writ of prohibition is appropriate where there is "an important question of law decided erroneously that would otherwise escape review by this Court, and the aggrieved party may suffer considerable hardship and expense as a consequence of the erroneous decision." *State ex rel. Chassaing v. Mummert,* 887 S.W.2d 573, 577 (Mo. banc 1994). Statutory interpretation is an issue of law that this Court reviews de novo. *Delta Air Lines, Inc. v. Dir. of Revenue,* 908 S.W.2d 353, 355 (Mo. banc 1995). The primary rule of statutory interpretation is to give effect to legislative intent as reflected in the plain language of the statute. *Id.*

### Analysis

Section 217.450.1 provides, in relevant part: "Any person confined in a department correctional facility may request a final disposition of any untried indictment, information or complaint pending in this state on the basis of which a detainer has been lodged against him while so imprisoned." Section 217.460 provides:

Within [180] days after the receipt of the request and certificate, pursuant to sections 217.450 and 217.455, by the court and the prosecuting attorney **or within such additional necessary or reasonable time as the court may grant, for good cause shown in open court,** the offender or his counsel being present, the indictment, information or complaint shall be brought to trial. The parties may stipulate for a continuance or a continuance may be granted if notice is given to the attorney of record with an opportunity for him to be heard. If the indictment, information or complaint is not brought to trial within that period,

no court of this state shall have jurisdiction of such indictment, information or complaint, nor shall the untried indictment, information or complaint be of any further force or effect; and the court shall issue an order dismissing the same with prejudice.

Section 217.460 (emphasis added).

The plain language of section 217.460 makes clear that it is within the trial court's discretion to allow a continuance "for good cause shown."[7] This language necessarily includes good cause shown by defense counsel. The statute does not require that the defendant consent to the delay, but does require that either the defendant or his attorney must be present. Where, as in this case, the defendant is represented by counsel, but objects to further delay, defendant's counsel may request and be granted a continuance pursuant to section 217.460, so long as the additional necessary or reasonable time granted is based on reasonable grounds showing the delay is for good cause.

Respondent found that Relator Wolfrum showed good cause for a continuance pursuant to section 217.460. Relator Wolfrum announced repeatedly that the public defender's office was not able to competently represent Johnson unless a continuance was granted—defense counsel lacked adequate time and resources to prepare the case on brief notice and necessary discovery and expert evaluations were not completed. Any conviction obtained without an appropriate continuance would have made defense counsel vulnerable to allegations of ineffective assistance.

█ Any defendant that has exercised his right to counsel[8] is guaranteed effective assistance of counsel, and courts should do the utmost to protect the defendant's right to adequate and competent representation.[9] *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Having invoked the right to counsel, Johnson has effectively ceded to his counsel the authority to seek reasonable continuances for the purpose of assuring effective assistance of counsel. Contrary to the trial court's findings, Johnson's rights under the UMDDL do not prohibit the granting of counsel's request for additional time when good cause is shown.

The State's oral arguments suggesting that proper relief in this case can be achieved by an ultimate retrial wherein Johnson is afforded more prepared and competent counsel are insupportable. Setting the stage for reversal and retrial of this case is inappropriate and, moreover, it is unnecessary given that section 217.460 permits a continuance to be granted to Relators.

### Conclusion

Prohibition is an appropriate remedy in this case to correct an erroneous interpretation of the UMDDL.

---

7. The plain language of section 217.460 outlines three exceptions to the 180–day limit that permit the court to grant additional necessary or reasonable time: (1) for good cause shown in open court, the offender or his counsel being present; or (2) the parties stipulate to a continuance; or (3) notice is given to the attorney of record with an opportunity to be heard.

8. *See Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963) (holding that the Sixth Amendment provides right to counsel in criminal prosecutions and is made obligatory on the states by the Fourteenth Amendment); Mo. CONST. art. I, section 18(a).

9. This Court does not address the motions that Johnson filed subsequent to this writ petition seeking to represent himself. Those motions may be refiled in the trial court.

As discussed above, section 217.460 did not prevent the trial court from granting defense counsel a continuance over the defendant's objections after it found that counsel's request were reasonable and showed "good cause." A reasonable continuance of Johnson's trial date under section 217.460 is permissible and appropriate, as the requirements of section 217.460 were met as the trial court found that Relator Wolfrum established good cause for delay, the request was made in open court, and the offender or his counsel was present.

Because a continuance should have been granted to defense counsel, the preliminary writ of prohibition previously issued in this case is made absolute.

All concur.