STATE of Missouri, Respondent,

v.

Anthony COLLINS, Appellant.

No. ED 96069.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 2012.

Jessica Hathaway, Office of the State Public Defender, St. Louis, MO, for appellant.

Chris Koster, John M. Reeves, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

### Facts and Procedural History

Appellant Anthony Collins was convicted after a bench trial of one count of second degree burglary in violation Mo.Rev.Stat. § 569.170 (2006) for an incident that occurred on 19 December 2009.[1] It is undisputed that Collins unlawfully entered property owned by Ameren UE and stole copper wire stored underneath a "truck shelter." The entire property was surrounded by a chain-link fence. The only issue on appeal is whether the truck shelter qualifies as a "building" for purposes of the burglary statute. We hold that the truck shelter does qualify as a building and uphold the verdict and sentence of the trial court.

### Discussion

In Collins's sole point on appeal, he argues that the there was insufficient evidence to support a conviction for second degree burglary because Ameren UE's "truck port" or "truck shelter" was not a "building" within the meaning of the burglary statute. He argues that it was not a building because the structure had only one wall, no doors or window, and it was always open. He further argues that "building" is defined as a structure with walls.

When reviewing the sufficiency of the evidence supporting a criminal conviction, the Court gives great deference to the trier of fact. *State v. Moore*, 303 S.W.3d 515, 519 (Mo. banc 2010). The Court is limited to whether the State has introduced sufficient evidence for any reasonable juror to have been convinced of guilt beyond a reasonable doubt. *State v. Bate-*

---

1. Collins was also convicted of several other counts which are not relevant to this appeal.

*man*, 318 S.W.3d 681, 686–87 (Mo. banc 2010). On review the Court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence and disregards all evidence and inferences to the contrary. *Id.* at 687. Statutory interpretation is an issue that Courts review *de novo* as a matter of law. *Delta Air Lines v. Dir. of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995).

A person commits the crime of burglary in the second degree when he knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein. Mo. Rev. St. § 569.170.1 (2006). We have previously defined "building" as

> a constructed edifice designed to stand more or less permanently, covering a space of land, usually covered by a roof and more or less completely enclosed by walls, and serving as a dwelling, storehouse, factory, shelter for animals, or other useful structure-distinguished from structures not designed for occupancy (as fences or monuments) and from structures not intended for use in one place (as boats or trailers) even though subject to occupancy.

*State v. Ashby*, 339 S.W.3d 600, 605 (Mo. App. E.D.2011).

The "truck shelter" in question here is a permanent wood and metal structure used by Ameren UE to load, unload, and store materials, and to house trucks. The crux of Collin's entire argument rests on his view that the structure has only one wall that extends from roof to foundation. He argues that the definition of "building" requires multiple walls. However, we think that the trial court's ruling provides a more accurate description of the "truck shelter:"

Here we have a building that has a roof, one side is fully enclosed and the other three sides are partially enclosed; one of them mostly enclosed; the other two sides half enclosed. It seems to my mind that this is a building substantially enclosed; certainly a building opened by workers. If I was walking down the street I would say hark, there's a building ahead. I would think of this as a building. I think most people would think of it as a building.

Based on this description, we have a substantially enclosed structure with several walls connected by a common roof. Even though only one wall extends from the roof to the foundation, this does remove the structure from the definition of "building" in the burglary statute. Because the remaining facts necessary to support the conviction are undisputed, we affirm the judgment and sentence of the trial court.

KATHIANNE KNAUP CRANE, P.J. and ROBERT E. CLAYTON, III, J., concur.