# In the Missouri Court of Appeals
# Eastern District


| | | |
|---|---|---|
| STATE OF MISSOURI EX REL., | ) | No. ED103740 |
| MELVIN J. SCHERRER, | ) | |
| | ) | |
| Relator, | ) | |
| | ) | Writ of Prohibition |
| v. | ) | |
| | ) | Cause No. 13SF-CR01545-01 |
| THE HONORABLE SANDRA MARTINEZ, | ) | |
| CIRCUIT JUDGE, DIVISION 1, | ) | |
| TWENTY–FOURTH JUDICIAL CIRCUIT, | ) | |
| | ) | |
| Respondent. | ) | FILED: January 12, 2016 |

### WRIT DIVISION SIX

Cynthia A. Dryden ("Relator"), assistant Missouri State Public Defender, seeks a writ that would prevent Judge Sandra Martinez ("Respondent") from requiring her to try without delay a capital case she is unprepared to take to trial. The preliminary writ of prohibition previously issued in this case is made absolute, as we find that Respondent should have granted Relator's motion for a continuance.

## I. Background

Relator is appointed counsel for Melvin Scherrer. On August 1, 2013, the State filed a complaint alleging Scherrer committed one count each of first-degree murder, armed criminal action, felonious restraint, abandonment of a corpse, and tampering with evidence for crimes allegedly occurring on December 18, 2012. On September 10, 2013, Scherrer was arrested and

taken into federal custody, and was ultimately found guilty of federal drug and weapons charges on December 10, 2014, receiving a sentence of 30 years imprisonment.

On August 20, 2015, Scherrer's previous trial counsel filed a motion for speedy trial on his state charges. Scherrer was brought from federal custody into state custody on or about October 9, 2015, and after a preliminary hearing he was bound over for trial on October 13, 2015. Only that day did the State orally indicate to then defense counsel that it might seek the death penalty.

On October 23, 2015, Relator entered her appearance on behalf of Scherrer. The State officially charged Scherrer on November 2, 2015, and on that same day Relator went to pick up discovery materials from the State. The State had not provided any discovery to the defense before this date. The State gave notice on November 13, 2015, that it would seek the death penalty based on six aggravating circumstances.

That same day, Relator moved for a continuance and to withdraw the motion for speedy trial that Scherrer's prior attorney had filed. Relator informed the Respondent that she would need additional time in order to provide Scherrer with effective assistance of counsel.[1]

Scherrer refused to withdraw his motion and waive his right to a speedy trial. Relator filed multiple discovery motions, as well as two motions for continuance. Respondent denied both motions for continuance as well as a motion to strike the aggravating circumstances. Respondent set the trial to start on January 26, 2016.

Relator now seeks a writ of prohibition that prevents Respondent from convening the trial as scheduled. She argues Respondent wrongly refused to grant her motions for continuance to

---

[1] Relator currently has another first-degree murder trial scheduled for January 11, 2016, and has a total of six active death penalty cases. Her office employs one mitigation specialist and one investigator, and both are currently preparing for a trial on February 15, 2016. Relator also anticipated that further discovery would be necessary, especially during the mitigation phase.

2

grant her additional time to prepare Scherrer's defense because the plain language of Section

217.490, RSMo (2000)[2], permits a continuance in this case. Relator claims the statute only

requires "good cause" to be shown in order to grant a continuance, regardless of the defendant's

consent.

## II. Discussion

<u>Standard of Review</u>

A writ of prohibition is appropriate where there is "'an important question of law decided

erroneously that would otherwise escape review by this Court, and the aggrieved party may

suffer considerable hardship and expense as a consequence of the erroneous decision.'" <u>State ex

rel. Wolfrum v. Wiesman</u>, 225 S.W.3d 409, 411 (Mo. banc 2007) (quoting <u>State ex rel.

Chassaing v. Mummert</u>, 887 S.W.2d 573, 577 (Mo. banc 1994)). We review statutory

interpretation issues *de novo*, with the primary rule being "to give effect to legislative intent as

reflected in the plain language of the statute." Wiesman, 225 S.W.3d at 411.

<u>Analysis</u>

Because Scherrer was originally in federal custody before being transferred to State

custody, this case is governed by the Interstate Agreement on Detainers ("IAD"), Section

217.490. Respondent set the trial date for January 26, 2016, because it felt it had to comply with

Article IV, which states:

> 3. In respect of any proceeding made possible by this article, trial shall be
> commenced within one hundred twenty days of the arrival of the prisoner in the
> receiving state, but for good cause shown in open court, the prisoner or his
> counsel being present, the court having jurisdiction of the matter may grant any
> necessary or reasonable continuance…..
>
> 5. If trial is not had on any indictment, information or complaint contemplated
> hereby prior to the prisoner's being returned to the original place of imprisonment
> pursuant to paragraph 5 of article V of this agreement, such indictment,

---

[2] All further statutory references are to RSMo (2000).

information or complaint shall not be of any further force or effect, and the court shall enter an order dismissing the same with prejudice.

Section 217.490, Article IV, paras. 3, 5. Respondent therefore felt that in order to comply with the statute, it had no choice but to proceed with trial within the statutorily mandated one hundred and twenty days.

However, Respondent ignored key language in paragraph 3 of Article IV, stating the trial must commence within one hundred and twenty days, "but for good cause shown in open court . . . ." Section 217.490. The plain language of the statute shows it is within the Respondent's discretion to grant a continuance when good cause is shown. Id. "The statute does not require that the defendant consent to the delay, but does require that either the defendant or his attorney must be present." Wiesman, 225 S.W.3d at 412.[3] "Where, as in this case, the defendant is represented by counsel, but objects to further delay, defendant's counsel may request and be granted a continuance . . . so long as the additional necessary or reasonable time granted is based on reasonable grounds showing the delay is for good cause." Id.

Respondent clearly believed that some good cause existed for granting a continuance, based on her statements that "this is a capital murder case, and it is a case that is going to require a lot of time and a lot of, you know, going through discovery." In fact, as compared to Wiesman, Relator has shown even greater cause for a continuance. Relator has no co-counsel and is currently representing six clients on first-degree murder charges, with the State already having filed aggravating circumstances in three and considering filing in two others. Relator's investigator and mitigation specialist are working on another case set for February 15, 2016, and Relator is representing a defendant in a trial scheduled to begin January 11, 2016. Counsel did not receive discovery until November 2, 2015, has only been able to perform limited inspection

---

[3] While Wiesman's discussion focuses on Section 217.460, RSMo (2000), Section 217.490 contains nearly identical language allowing for a continuance to be issued upon a showing of "good cause."

due to its voluminous nature, and has already requested further specific items of discovery from the State that she has not yet received.

"Any defendant that has exercised his right to counsel is guaranteed effective assistance of counsel, and courts should do the utmost to protect the defendant's right to adequate and competent representation." Id., citing McMann v. Richardson, 397 U.S. 759, 771 (1970). "Having invoked the right to counsel, [the defendant] has effectively ceded to his counsel the authority to seek reasonable continuances for the purpose of assuring effective assistance of counsel." Id. Scherrer's rights under the IAD do not prohibit the granting of Relator's request for additional time when good cause is shown.

### III. Conclusion

Prohibition is an appropriate remedy in this case to correct an erroneous interpretation of the IAD. Section 217.490 did not prevent Respondent from granting Relator a continuance over Scherrer's objections after Relator showed "good cause." A reasonable continuance of Scherrer's trial date under Section 217.490 is permissible and appropriate, as the requirements of Section 217.490 were met as Relator established good cause for delay, the request was made in open court, and the offender or his counsel was present.

Because a continuance should have been granted to defense counsel, the preliminary writ of prohibition previously issued in this case is made absolute.

_____
ROY L. RICHTER, Presiding Judge

Lisa S. Van Amburg, C.J., concurs.
Robert M. Clayton III, concurs.

5