Robert F. **JURGENSMEYER**, Appellant,

v.

**BOONE HOSPITAL CENTER, Michael D. Blackburn, M.D. and Leroy Miller, M.D., Respondents.**

No. WD 38588.

Missouri Court of Appeals, Western District.

April 7, 1987.

Dale C. Doerhoff, Cook, Vetter & Doerhoff, Jefferson City, for appellant.

Hamp Ford and Jeffrey O. Parshall, Knight, Ford, Wright, Atwill Parshall & Baker, Columbia, for respondent Leroy Miller, M.D.

Ronald R. McMillin, Carson, Coil, Riley, McMillin, Levine and Veit, Jefferson City, for respondents Boone Hosp. Center and Michael D. Blackburn, M.D.

Before TURNAGE, P.J., and SHANGLER and GAITAN, JJ.

TURNAGE, Presiding Judge.

Robert F. Jurgensmeyer filed suit against Boone Hospital Center and Drs. Blackburn and Miller, to recover sums paid by Jurgensmeyer for medical treatment for his son, Randy. The trial court held that the petition alleged medical malpractice and dismissed the petition, because it was filed after the statute of limitations for medical malpractice had run. Jurgensmeyer contends the court erred in dismissing his petition, because the petition was based upon assumpsit and indemnity, rather than medical malpractice. Affirmed.

The petition is in three counts. The first count alleges that in January of 1981 Randy was taken to the Boone Hospital for an illness of five days' duration. Randy was examined by Dr. Blackburn, who was employed by the hospital as an emergency room physician. Dr. Blackburn specifically stated that Randy was not suffering from appendicitis. The allegation continues that Randy's illness went untreated for twelve more days, until it was finally diagnosed as appendicitis. By the time his illness was correctly diagnosed, Randy's condition had so worsened that he almost died from complications from the appendicitis.

Randy was taken back to Boone Hospital Center, where he was admitted and treated.

The petition alleges that Randy was over the age of 18 at the various times he went to the hospital.

The petition alleges that because of Dr. Blackburn's negligence in failing to diagnose Randy's condition as appendicitis

when he first saw Randy, the hospital was obligated to pay for Randy's hospital care, or to furnish such care in lieu of payment. The petition alleges that the hospital did furnish Randy care from January until April 1981.

The petition alleges that while Randy was hospitalized, the hospital required that Jurgensmeyer sign an agreement obligating himself to pay the cost of Randy's hospital care "as a condition to ... the furnishing of hospital services to Randy." The petition alleges that the hospital charged $38,867 for its care and that Jurgensmeyer paid that sum to the hospital. Jurgensmeyer alleges he paid such sum due to "imposition" by the hospital.

Count I attempts to allege a cause of action in assumpsit for money had and received, on the theory that the hospital obtained payment through imposition and under circumstances which in equity and good conscience required the hospital to return the amount paid.

Count II adopts the allegations concerning Randy's illness, his visit to the hospital emergency room and the failure of Dr. Blackburn to properly diagnose the appendicitis. That count further alleges that Dr. Miller examined Randy in December of 1980 and January of 1981, when Randy exhibited the symptoms of appendicitis, but Dr. Miller failed to make the correct diagnosis. There is no allegation of any connection between Dr. Miller and Boone Hospital. Count II alleges that by reason of the failure of Dr. Miller to make the proper diagnosis, Boone Hospital Center was obligated to pay for Randy's hospital care or to furnish care in kind. Jurgensmeyer further alleges he has paid other health care providers $86,430 for Randy's care and prays judgment against all defendants for that amount. Count II purports to state a claim in assumpsit for money paid by Jurgensmeyer, which in equity and good conscience should have been paid by the hospital and the two physicians.

Count III re-alleges the facts of Randy's illness and the failure of diagnosis and alleges that Jurgensmeyer has paid approximately $125,000 in medical bills for Randy.

Jurgensmeyer alleges he owed a duty to Randy to pay the medical bills, but as between himself and the hospital and the physicians, the hospital and physicians should have paid the bills. Jurgensmeyer claims he is entitled to indemnity from the defendants in the sum of $125,000.

On appeal Jurgensmeyer reiterates his theory that the first two counts are in assumpsit for money had and received and for money paid to another's use, respectively, and the third count is for indemnity.

 An action for money had and received is an action sounding in assumpsit. *See Southern States Power Co. v. Ivey*, 118 Fla. 756, 160 So. 46 (1935). Such an action lies for restitution of money that belongs in good conscience to the plaintiff, but was obtained by the defendant by duress or other means making it unjust for the defendant to keep the money. D. Dobbs, Handbook on the Law of Remedies 236 (1973).

Jurgensmeyer contends that he paid Boone Hospital Center under "imposition." The word "imposition" is not elaborated on in either the petition or the brief filed in this court. However, in *Southern States Power Co. v. Ivey*, 160 So. at 47, the court considered the use of the word "imposition" in connection with an action for money had and received, giving the word a meaning equivalent to "duress."

 By including his allegation of "imposition" Jurgensmeyer has *attempted* to plead that he paid the hospital under duress. However, the only suggestions of duress in his pleading are not allegations of "facts showing the pleader is entitled to relief," Rule 55.05, but mere legal conclusions. Jurgensmeyer claims the hospital required him to sign the payment agreement "as a condition" to treatment of Randy. This allegation is stated in the form of a legal conclusion, rather than as a factual report of any exchange between Jurgensmeyer and the hospital. At any rate, Jurgensmeyer pleads absolutely nothing (conclusory or concrete) alleging that he actually had to pay the money before the hospital would treat Randy. If the hospital merely

required him to sign an agreement under circumstances constituting duress, he could have asserted the defense of duress to an action brought on the contract. The pleading concerning the signing of the agreement does not suffice to show *payment* under duress. It only goes to the circumstances surrounding the signing of the agreement. But to recover in assumpsit for money had and received it is necessary to allege the *payment* of money under circumstances which require its repayment in equity and good conscience. *Webster v. Sterling Finance Co.*, 351 Mo. 754, 173 S.W.2d 928, 931[4–5] (Mo.1943) (action for money had and received lies where defendant has received possession of money of the plaintiff which in equity and good conscience should be repaid). Count I fails to state any facts showing the payment was made under duress.

The failure to allege facts showing the payment, as contrasted with the signing of the agreement, was made under duress makes it clear that in making payment, Jurgensmeyer was acting as a volunteer. At the time of payment he knew the circumstances surrounding his signing of the agreement and that he signed only under duress, if that were the fact. There is no allegation that any fact was withheld from Jurgensmeyer when he signed the agreement or paid the hospital.

In *American Motorists Insurance Co. v. Shrock*, 447 S.W.2d 809, 812 (Mo.App.1969) (quoting *Claflin v. McDonough*, 33 Mo. 412, 415 (1863)), the court stated the general rule prohibiting restitution of money paid by a volunteer:

> The rule of law is well established, both in England and in this country, that a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and duress, cannot recover it back, though the payment is made without a sufficient consideration, and under protest.

By failing to plead any allegations to show fraud or duress in the payment made to the hospital, it can only be concluded that Jurgensmeyer made payment as a volunteer. Count I did not state facts upon which relief could be granted in assumpsit. Nor is any other theory suggested which might apply.[1] The court correctly dismissed Count I.

Count II similarly fails to state facts upon which relief can be granted. Count II attempts to state a claim for money paid to another's use. In short, Jurgensmeyer alleges that he paid the just debt of Boone Hospital and the physicians to other facilities that provided Randy medical care made necessary by the negligence of Boone Hospital and the physicians; consequently, Jurgensmeyer contends he is entitled to restitution by them for the amounts paid on their behalf.

■ The rule is stated in *Napton v. Leaton*, 71 Mo. 358, 369–70 (1879): "No action can be maintained for money paid for another, except upon previous request, express or implied, or subsequent assent and sanction." Jurgensmeyer does not plead that he paid the other health care providers at the express request of Boone Hospital or the physicians. Nor does he plead facts from which the law would imply a request by Boone Hospital or the physicians for Jurgensmeyer to pay the other health care providers. It does not allege that Boone Hospital and the physicians ratified the payment to others. Absent compliance with the rule for pleading a cause of action for money paid, Count II does not state a cause of action for money paid.

■ Count III is said to be based on a theory of indemnity. That count alleged the payment by Jurgensmeyer of all of the expenses incurred for Randy's care as the discharge of a duty which Jurgensmeyer owed to his son Randy. The theory of indemnity applies only where there is an identical duty owed by one and discharged by another. *State ex rel. Manchester Insurance and Indemnity Co. v. Moss*, 522 S.W.2d 772, 774[3–6] (Mo. banc 1975). There are no facts pleaded to show that

1. Because payment was made by Jurgensmeyer, an action to set aside the agreement under which payment was later made would be moot.

Jurgensmeyer and Boone Hospital and the physicians owed an identical duty to Randy. The only duty the hospital and physicians owed to Randy was to give him reasonable care without medical negligence, or if negligence were shown in their care, to pay any award of damages. No similar duty was owed to Randy by his father under the facts pleaded. Thus, Count III states no claim in indemnity.

It is not necessary to decide whether the two year medical malpractice statute of limitations bars this suit, because the petition did not state facts upon which relief could be granted.

The judgment dismissing the petition is affirmed.

All concur.