Clark E. EISEL and Patricia S. Eisel, individually and on behalf of all others similarly situated, Respondents,

v.

MIDWEST BANKCENTRE, Appellant.

No. SC 88167.

Supreme Court of Missouri, En Banc.

Aug. 21, 2007.

Jay A. Levitch, Charles A. Seigel, Harold L. Satz, Doreen D. Dodson, James T. Barry, Jr., Gregory F. Herkert, St. Louis, for Appellant.

Joseph D. Jacobson, Martin M. Green, David T. Butsch, Jonathan F. Andres, Allen P. Press, Clayton, Thomas A. Federer, St. Charles, for Respondents.

Steven P. Sanders, Lisa A. Larkin, Williams, Venker & Sanders, LLC, St. Louis, MO, Matthew M. Neumeier, Jenner & Block, LLP, Chicago, IL, for Amicus Curiae North American Mortgage Co.

Sanford J. Boxerman, Capes, Sokol, Goodman & Sarachan, P.C., St. Louis, MO, Mark B. Blocker, Robert N. Hochman, Sidley Austin, LLP, Chicago, IL, for Amicus Curiae ABN NMRO Mortgage Group, Inc.

John M. Hessel, Lewis, Rice & Fingersh, L.C., St. Louis, MO, James W. McGarry, Goodwin Procter, LLP, Boston, MA, Thomas M. Hefferon, Goodwin Procter, LLP, Washington, D.C., for Amicus Curiae Countrywide Home Loans, Inc.

Jay A. Summerville, Jacqueline Ulin Levey, Craig G. Moore, Armstrong Teasdale LLP, St. Louis, MO, Wade L. Nash, Jefferson City, for Amicus Curiae Missouri Bankers Association.

## PER CURIAM.[1]

### Overview

Midwest BankCentre charged Patricia and Clark Eisel a document preparation fee in connection with real estate financing transactions. The Eisels, appointed as class representatives for this suit, contend the fee violates section 484.020.1's ban on the unauthorized practice or doing of law.[2]

---

1. The Court of Appeals, Eastern District, transferred this case to this Court by an opinion authored by the Honorable Roy L. Richter. *Mo. Const. article V, section 10.* Parts of that opinion are incorporated without further attribution.

2. All statutory references are to RSMo 2000, except as otherwise noted.

The trial court agreed with the Eisels and awarded treble damages under section 484.020.2 as well as other damages and costs.

The document preparation fees at issue violate a plain reading of sections 484.010 and 484.020. Under the facts of this case, the statutes are not inconsistent with this Court's cases defining the practice of law. Midwest's constitutional challenge that section 484.020 fails to include a necessary mens rea was untimely. The judgment is affirmed.

## Background

Midwest is a Missouri state-chartered bank with offices located in St. Louis County. In processing mortgage loans, Midwest employees complete pre-printed forms.[3] These forms place each loan in the proper format to be sold on the secondary mortgage market—a benefit to Midwest. Nevertheless, Midwest charges its borrowers a fee, referred to as a "document preparation fee" or a "processing fee," for preparing such forms.

Midwest made two mortgage loans to the Eisels in 2001. Midwest informed the Eisels of the document preparation fee, and the Eisels paid the fee on both loans. Patricia Eisel and other plaintiffs initiated this suit as a class action against a number of lending institutions in the St. Louis area alleging that such institutions were engaging in the unauthorized business of law through their loan processing procedures. The trial court granted class certification and certified several plaintiff subclasses, one of which included all persons who paid a fee to Midwest in connection with real estate financing during a named period of time. Patricia and Clark Eisel were appointed class representatives. Thereafter, the trial court severed the action involving multiple institutions into separate causes against each financial institution. This severance resulted in the current suit.

After a bench trial on stipulated facts, on August 16, 2005, the trial court entered judgment in favor of the Eisels on their claim that Midwest engaged in the unauthorized business of law in violation of section 484.020 and awarded treble damages pursuant to that section.

■ Midwest raised its initial challenge to the constitutionality of the treble damages clause of section 484.020 in its motion for new trial. The trial court overruled Midwest's motion based on the merits. Midwest appeals.[4]

## Standard of review

■ Midwest challenges the judgment of the trial court below. Review of a court-tried case is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). However, when a case is submitted on stipulated facts, as here, this Court must determine "whether the trial court drew the proper legal conclusions from the facts stipulated." *Junior College Dist. of St. Louis v. City of St. Louis*, 149 S.W.3d 442, 446 (Mo. banc 2004). In making this determination, this Court accepts the evidence and inferences favorable to the pre-

---

**3.** These forms include: a deed of trust and a promissory note, as well as various other documents, depending on the loan involved. There can be no question that the preparation of the deed of trust and the promissory note constitutes the practice of law. *In re First Escrow, Inc.*, 840 S.W.2d 839, 846 (Mo. banc 1992). The Court does not address any other specific documents.

**4.** The motions to dismiss this appeal for lack of jurisdiction are overruled. All issues and claims as to the parties involved—Midwest and Patricia and Clark Eisel, as representatives of the class—were disposed of at the trial level. Consequently, jurisdiction is proper.

vailing party and disregards all contrary evidence. *General Motors Acceptance Corp. v. The Windsor Group, Inc.*, 103 S.W.3d 794, 796 (Mo.App.2003). The Court reviews questions of law de novo. *Smith v. Shaw*, 159 S.W.3d 830, 832 (Mo. banc 2005).

### Midwest violated section 484.020

■ In this case, the Eisels seek relief under the statutes. Section 484.010.2 provides (emphasis added):

*The "law business" is hereby defined to be and is the* advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or *assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights* or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or . corporation any property or property rights whatsoever.

Section 484.020 provides, in pertinent part:

1. No person shall engage in the practice of law or do law business, as defined in section 484.010, or both, unless he shall have been duly licensed therefor and while his license therefor is in full force and effect, nor shall any association, partnership, limited liability company or corporation, except a professional corporation organized pursuant to the provisions of chapter 356, RSMo, a limited liability company organized and registered pursuant to the provisions of chapter 347, RSMo, or a limited liability partnership organized or registered pursuant to the provisions of chapter 358, RSMo, engage in the practice of the law

or do law business as defined in section 484.010, or both.

2. Any person, association, partnership, limited liability company or corporation who shall violate the foregoing prohibition of this section shall be guilty of a misdemeanor and upon conviction therefor shall be punished by a fine not exceeding one hundred dollars and costs of prosecution and shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof by the person, firm, association, partnership, limited liability company or corporation paying the same within two years from the date the same shall have been paid and if within said time such person, firm, association, partnership, limited liability company or corporation shall neglect and fail to sue for or recover such treble amount, then the state of Missouri shall have the right to and shall sue for such treble amount and recover the same and upon the recovery thereof such treble amount shall be paid into the treasury of the state of Missouri.

The parties stipulated that Midwest charged the Eisels a document preparation fee for preparing or completing various mortgage loan documents, including promissory notes and deeds of trust. They made similar stipulations as to other members of the class. In light of these stipulations, the statutory terms are met.

### Control of the practice of law by this Court and the legislature

■ The judiciary is necessarily the sole arbiter of what constitutes the practice of law. Statutes may aid by providing machinery and criminal penalties but may not extend the privilege of practicing law to persons not admitted to practice by the judiciary. *Hulse v. Criger*, 363 Mo. 26, 247 S.W.2d 855 (Mo. banc 1952). Such stat-

utes are merely in aid of, and do not supersede or detract from, the power of the judiciary to define and control the practice of law. *Automobile Club of Mo. v. Hoffmeister*, 338 S.W.2d 348, 354–55 (Mo.App.1960). Thus, one who may be in violation of the text of section 484.020 may defend a claim under the statute by showing a conflict between the text and activities that this Court has determined to be the authorized practice of law.[5]

Midwest fails to demonstrate that its activities constitute the authorized practice of law as determined by this Court. This Court has prohibited a company and its non-lawyer agents, servants, employees, and trust associates from drawing, preparing, or assisting in the preparation of trust workbooks, trusts, wills, and powers of attorney, *for valuable consideration*, for Missouri residents without the direct supervision of an independent licensed attorney selected by and representing those individuals. *In re Mid–America Living Trust Associates, Inc.*, 927 S.W.2d 855, 871 (Mo. banc 1996). Escrow companies may not charge a separate fee for document preparation or vary their customary charges for closing services based upon whether documents are to be prepared in the transaction. *In re First Escrow, Inc.*, 840 S.W.2d 839, 849 (Mo. banc 1992). Similarly, this Court noted that the charging of a separate additional charge tends to place emphasis on conveyancing and legal drafting as a business rather than on the business of being a real estate broker. *Hulse* at 863. With respect to Midwest, no conflict exists between section 484.020

and this Court's regulation of the practice of law.

### Midwest's other defenses are unavailing

Midwest's argument regarding its personal interest defense is unpersuasive. Midwest asserts that because it maintained a personal interest in its transaction with the Eisels, it did not engage in the unauthorized business of law. Midwest misreads the statute. Possessing a financial stake in the outcome of a contract or loan does not defeat the fact that a non-lawyer charging a fee for document preparation constitutes the unauthorized business of law.

Midwest also contends that the trial court erred in granting judgment for the Eisels because the Eisels voluntarily paid the document preparation fees and, therefore, were not entitled to recover under the voluntary payment doctrine. This Court disagrees. The voluntary payment doctrine indicates that a person who voluntarily pays money with full knowledge of all the facts in the case, and in the absence of fraud and duress, cannot recover it back. *American Motorists Ins. Co. v. Shrock*, 447 S.W.2d 809, 812 (Mo.App. 1969). However, the voluntary payment doctrine is not applicable in all situations. Namely, the activities prohibited by section 484.020 are not subject to waiver, consent or lack of objection by the victim. *Bray v. Brooks*, 41 S.W.3d 7, 13 (Mo.App. 2001). The voluntary payment doctrine is a principle based on waiver and consent. Consequently, Midwest cannot benefit from this defense. To hold otherwise—

---

**5.** The legislature enacted section 484.025, effective August 28, 2005. It provides, "No bank or lending institution that makes residential loans and imposes a fee of less than two hundred dollars for completing residential loan documentation for loans made by that institution shall be deemed to be engaging in the unauthorized practice of law." This section may be applicable to preclude penalties under section 484.020, but does not affect this Court's ability to enjoin or otherwise punish such fees if they constitute the unauthorized practice of law. This case predates the effective date of section 484.025.

that a customer, not a mortgage lender, would be burdened with the responsibility to recognize the unauthorized business of law and be barred from recovery due to having made a voluntary payment—would be illogical and inequitable.

### Midwest's constitutional claim was not raised timely

Midwest requests plain error review because it failed to raise its constitutional challenge that section 484.020 fails to include a necessary mens rea until its motion for new trial. A constitutional question is waived unless raised in the trial court at the earliest opportunity. *Crittenton v. Reed,* 932 S.W.2d 403, 406 (Mo. banc 1996). Although Midwest correctly notes that this Court has granted plain error review under Rule 84.13(c) when a trial court's error has affected a substantial right and when the error resulted in manifest injustice or a miscarriage of justice, here, no error exists affecting substantial rights or resulting in manifest injustice. Midwest cites cases involving issues of free speech and voting rights. *See, e.g., Hanch v. K.F.C. National Management Corp.,* 615 S.W.2d 28 (Mo. banc 1981); *State ex rel. Petti v. Goodwin–Raftery,* 190 S.W.3d 501 (Mo.App.2006). No similar rights are implicated here. The Court declines review.

### Conclusion

The judgment is affirmed.

LAURA DENVIR STITH, C.J., PRICE, TEITELMAN, LIMBAUGH, RUSSELL and WOLFF, JJ., and PARRISH, Sp.J., concur.