Cynthia CARPENTER, et
al., Respondents,

v.

**COUNTRYWIDE HOME LOANS,
INC., Appellant.**

No. SC 88367.

Supreme Court of Missouri,
En Banc.

March 18, 2008.

Rehearing Denied May 20, 2008.

Richard A. Ahrens, John M. Hessel, Nathan E. Ross, St. Louis, Thomas M. Hefferon, Goodwin Procter LLP, Washington, DC, James W. McGarry, Goodwin Procter, LLP, Boston, MA, for Appellant.

Joe D. Jacobson, Jonathan M. Andres, Martin M. Green, Allen P. Press, David T. Butsch, St. Louis, Thomas A. Federer, St. Charles, for Respondents.

WILLIAM RAY PRICE, JR., Judge.

Countrywide Home Loans, a mortgage company, prepares legal documents to complete mortgage loan transactions and charges its customers a document preparation fee for this service. Because of this activity, Countrywide was a named defendant in a class action lawsuit against several mortgage lending institutions alleging that these companies were practicing law business without a license. The lawsuit was severed into subclasses against each respective lender.

The trial court found that this activity was the unauthorized practice of "law business" [1] and awarded plaintiffs damages. This Court, in *Eisel v. Midwest BankCentre*, 230 S.W.3d 335 (Mo. banc 2007), a case severed from the original action, confirmed that charging a fee for legal document preparation was the practice of law business and companies who did so were liable for treble damages pursuant to section 484.020.2.[2]

In this appeal, Countrywide argues that the provision awarding treble damages in section 484.020.2 is unconstitutional on due process grounds. Further, Countrywide argues that the trial court had no authority to award prejudgment interest or actual damages to the plaintiffs who did not meet the requirements of the statute.

The provision for awarding treble damages in section 484.020.2 is constitutional. The trial court judgment of treble damages to plaintiffs who paid the fee within two years of suit and actual damages and prejudgment interest to plaintiffs who paid three to five years prior to suit is affirmed. The award of prejudgment interest for plaintiffs who recovered treble damages is reversed.

## I.

Countrywide Home Loans is a mortgage company engaged in the business of making or brokering home loans in the state of Missouri. Each of these loans is secured by a deed of trust on the borrower's residence and is effected by various instruments and documents, including a promissory note and a deed of trust, executed by Countrywide employees. Countrywide

---

1. All statutory references are to RSMo 2000, unless otherwise noted.

 Section 484.010.2 defines "law business" as ... the advising or counseling for a valuable consideration of any person, firm, association, or corporation as to any secular law or the drawing or the procuring of or assisting in the drawing for a valuable consideration of any paper, document or instrument affecting or relating to secular rights or the doing of any act for a valuable consideration in a representative capacity, obtaining or tending to obtain or securing or tending to secure for any person, firm, association or corporation any property or property rights whatsoever.

2. Section 484.020.1 provides that no person shall engage in the practice of law or law business as defined in section 484.010 without a license. Section 484.020.2 states the penalty for the violation providing that

 [a]ny person, association, partnership, limited liability company or corporation who shall violate the foregoing prohibition of this section shall be guilty of a misdemeanor and upon conviction therefor shall be punished by a fine not exceeding one hundred dollars and costs of prosecution and shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof by the person, firm, association, partnership, limited liability company or corporation paying the same within two years from the date the same shall have been paid and if within said time such person, firm, association, partnership, limited liability company or corporation shall neglect and fail to sue for or recover such treble amount, then the state of Missouri shall have the right to and shall sue for such treble amount and recover the same and upon the recovery thereof such treble amount shall be paid into the treasury of the state of Missouri.

charges its borrowers a fee for the completion of these documents, known as the "document preparation fee." The practice of completing the documents and charging a document preparation fee became the basis for this class action lawsuit filed in March 2002 against Countrywide Home Loans as well as several other mortgage lending institutions in the St. Louis area. The plaintiffs alleged that this activity constituted the unauthorized practice of law business prohibited by section 484.010 *et seq.* because the documents were not prepared by lawyers.

The court severed the class into subclasses against the respective lenders. The trial court, applying the five-year statute of limitations in section 516.120(4), defined the plaintiff subclass against Countrywide Home Loans as "all persons who paid a document preparation fee to Countrywide Home Loans, Inc., in connection with a real estate financing transaction in the State of Missouri from April 18, 1997 to the present." The court appointed three plaintiffs as class representatives: Cynthia Carpenter and Andrew Cole, who paid the document preparation fee in 2002, and Cheryl Held, who paid the document preparation fee in 2001.

Plaintiffs, relying on the third amended petition filed in March 2003, argued that Countrywide's preparation of the documents was the unauthorized practice of law business pursuant to 484.010 *et seq.* and the activities were an unfair and deceptive practice under the merchandising practices act, section 407.010 *et seq.* Plaintiffs asked for treble damages pursuant to section 484.020.2 as well as actual damages and prejudgment interest under both counts. Countrywide filed an answer to the third amended petition in April 2003.

In March 2006, Countrywide amended its answer to include the defense that the treble damage provision in section 484.020.2 was unconstitutional as it violates the due process clauses of the 14th Amendment and article I, section 10 of the Missouri Constitution.

A bench trial took place in May 2006. The trial court issued judgment in December 2006, finding that Countrywide engaged in the unauthorized law business and was liable for treble damages under the statute.[3] The court awarded actual damages, amounting to the recovery of the document preparation fee, to all class members who paid the fee between three and five years prior to suit. The court awarded treble damages pursuant to the statute to the class members who paid the fee within two years of the lawsuit. The trial court also awarded prejudgment interest on the actual damages for all class members.

Countrywide appealed the judgment to this Court. While Countrywide's appeal was pending, this Court decided *Eisel v. Midwest BankCentre*, 230 S.W.3d 335 (Mo. banc 2007). *Eisel* held that the preparation of the documents for a fee by nonlawyers was the unauthorized practice of law business and upheld the award of treble damages under section 484.020.2. Because Countrywide challenges the validity of the treble damages provision in section 484.020.2, this Court has exclusive jurisdiction pursuant to article V, section 3, of the Missouri Constitution.

## II

Countrywide argues that section 484.020.2 violates the due process clauses of the 14th Amendment and article I, sec-

---

**3.** The trial court found in favor of Countrywide on the merchandising practices act claim.

tion 10 of the Missouri Constitution because the provision mandates an award of treble damages without proof of a culpable mental state.

### a.

■ As a preliminary matter, plaintiffs argue that Countrywide's constitutional claim was waived because it was not timely raised. The rule has long been established that to preserve constitutional questions for review on appeal, the constitutional issue must be raised in the trial court at the earliest opportunity, consistent with good pleading and orderly procedure. *See Call v. Heard,* 925 S.W.2d 840, 847 (Mo. banc 1996). This rule is necessary to prevent surprise to the opposing party and to allow the trial court the opportunity to identify and rule on the issue. *Id.* The rule allows parties to have a full and fair opportunity to litigate significant issues as early and as inexpensively in the litigation process as possible. The purpose of the rule is not to prevent parties from litigating issues that arise during the course of a lawsuit if there is no prejudice to the opposing party.

■ It is within the trial court's discretion to grant leave to amend pleadings, and this Court will not disturb the decision to grant leave to amend absent a showing the trial court obviously and palpably abused its discretion. *See Dye v. Div. of Child Support Enforcement, Dept. of Social Servs.,* 811 S.W.2d 355, 358 (Mo. banc 1991). Amendments should be liberally allowed and constitutional claims can be asserted by amendment to the initial pleadings. *See Anheuser–Busch Employees' Credit Union v. Davis,* 899 S.W.2d 868, 869 (Mo. banc 1995).

The plaintiffs alleged a violation of section 484.010 and asked for treble damages when the lawsuit was first filed in 2002. Countrywide did not challenge the consti-

tutionality of the statute until March 2006 in an amendment to its answer. However, the issue was raised prior to trial; plaintiffs had a full opportunity to respond; and the trial court had the opportunity to address the issue. There was no showing of prejudice. Although this defense should have been raised at an earlier date, the purposes of the rule were met, and the trial court did not abuse its discretion in considering this issue.

### b.

■ Section 484.010 *et seq.* specifies certain activities as the unauthorized practice of law or law business and prohibits those without a license to engage in those activities. Section 484.020.2 provides the penalty for persons who violate the statute, providing that such persons

> ... shall be subject to be sued for treble the amount which shall have been paid him or it for any service rendered in violation hereof by the person, firm, association, partnership, limited liability company or corporation paying the same within two years from the date the same shall have been paid ...

■ A statute is presumed to be constitutional and will not be invalidated unless it "clearly and undoubtedly violates some constitutional provision and palpably affronts fundamental law embodied in the constitution." *Bd. of Educ. of City of St. Louis v. State,* 47 S.W.3d 366, 368–69 (Mo. banc 2001). Countrywide argues that section 484.020.2 is unconstitutional on due process grounds because treble damages are penal similar to punitive damages and, thus, to satisfy the requirements of due process, there must be a finding of a culpable mental state.

■ An award of treble damages, although penal in nature, does not require a finding of a culpable mental state. *See*

*Greeson v. Ace Pipe Cleaning, Inc.*, 830 S.W.2d 444, 448–49 (Mo.App.1992). The purpose of requiring a culpable mental state to award punitive damages is to ensure that defendants have fair notice that their conduct will subject them to a penalty as well as the severity of the penalty. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559, 574, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996); *Werremeyer v. K.C. Auto Salvage Co.*, 134 S.W.3d 633, 635 (Mo. banc 2004). A statutory imposition of penal damages is different from jury imposed punitive damages to the extent that the statute defines the prohibited conduct and sets out the legislative prescribed penalty. Countrywide has not established that sections 484.010 and 484.020 were vague and did not provide it fair notice of the prescribed acts or the penalty associated with those acts.

Further, this Court has previously held in the analogous context of real estate brokers and escrow companies that the act of charging a separate fee for the completion of legal forms by non-lawyers constitutes the unauthorized practice of law business. *See In re First Escrow, Inc.*, 840 S.W.2d 839, 849 (Mo. banc 1992); *Hulse v. Criger*, 363 Mo. 26, 247 S.W.2d 855, 861 (1952). In *In re First Escrow, Inc.*, this Court stated that escrow companies "may not charge a separate fee for document preparation, or vary their customary charges for closing services based upon whether documents are to be prepared in the transaction." [4] 840 S.W.2d at 849. Countrywide had clear and fair notice, both by statute and case law, that its activities constituted the unauthorized practice of law business and that this conduct would subject it to treble the amount of fees paid in exchange for those services.

### III.

■ As a second point on appeal, Countrywide argues that the trial court erred in awarding damages to the plaintiff class who paid their document preparation fee more than two years prior to filing suit. Countrywide contends that the penalty for the unauthorized practice of law business in section 484.020.2 is limited to an award of treble damages for plaintiffs who paid the fee within two years of filing suit and offers no relief for the plaintiffs who paid fees more than two years prior to filing suit.

#### a.

Although this Court has the inherent and ultimate authority to supervise the practice of law by licensed attorneys and to prevent the practice of law by unauthorized persons, the legislature may aid the Court by providing penalties for the unauthorized practice of law. *See Strong v. Gilster Mary Lee Corp.*, 23 S.W.3d 234, 238–39 (Mo.App.2000). The legislature provided such penalty for those engaged in the unauthorized practice of law business, in section 484.020.2, which allows customers who paid fees to those unauthorized to practice to recover treble the amount paid within two years from the date paid.

These statutes are merely in aid of and do not supersede or detract from the power of the judiciary to define and control the practice of law. *See Auto. Club of Mo. v. Hoffmeister*, 338 S.W.2d 348, 354–55 (Mo. App.1960). In *Eisel v. Midwest BankCentre*, the Court found that no conflict existed between this section and the Court's regulation of the practice of law and

**4.** In striking a workable balance between public convenience and protection, the Court allowed completion of certain standardized legal forms so long as the preparing party has a personal interest in the transaction and no separate fee is assessed. *See In re First Escrow, Inc.*, 840 S.W.2d at 846–47; *Hulse*, 247 S.W.2d at 860–63.

awarded plaintiff's damages pursuant to this section. 230 S.W.3d 335, 339 (Mo. banc 2007).

However, this section does not extinguish any individual's common law remedies arising out of the unauthorized practice of law. Any person engaged in the unauthorized practice of law has no right to collect fees, and those who have been improperly charged these fees have the right to their return at common law under the theory of money had and received.[5] *See Lawson v. First Union Mortgage Co.,* 786 N.E.2d 279, 283–85 (Ind.Ct.App.2003); *see also Investors Title Co., Inc. v. Hammonds,* 217 S.W.3d 288, 293–94 (Mo. banc 2007) (applying an action for money had and received "where the defendant has received or obtained possession of the money of the plaintiff, which, in equity and good conscience, he ought to pay over to the plaintiff").

b.

 Countrywide argues that it is entitled to avoid refunding the unauthorized fees it collected by the voluntary payment doctrine. This doctrine provides that a person, who voluntarily pays money with full knowledge of the facts, in absence of fraud or duress, cannot recover it back and is a recognized defense to an action for money had and received. *See Jurgensmeyer v. Boone Hosp. Ctr.,* 727 S.W.2d 441, 444 (Mo.App.1987); *American Motorists Ins. Co. v. Shrock,* 447 S.W.2d 809, 812–13 (Mo.App.1969). However, in *Eisel v. Midwest BankCentre,* this Court rejected the voluntary payment defense to the statutory recovery of treble damages for the unauthorized practice of law business. 230 S.W.3d 335, 339–40 (Mo. banc 2007). The Court found that the activities prohibited by the statute were "not subject to waiver, consent or lack of objection by the victim." *Id.* Therefore, the voluntary payment defense did not bar the plaintiffs' recovery, stating that to hold the consumer, not the mortgage lender, responsible for recognizing the unauthorized practice of law and precluding recovery because of a voluntary payment would be "illogical and inequitable." *Id.*

c.

Although plaintiffs have the option of pursuing recovery under both the statute and the common law action of money had and received, they may only obtain a single recovery. *See Ross v. Holton,* 640 S.W.2d 166, 173 (Mo.App.1982). Therefore, plaintiffs who paid the fee are entitled to one of the two actions for relief. Plaintiffs who meet the requirements of section 484.020.2 can recover treble damages. Those who do not meet the requirements of the statute can recover the fee paid on the theory of money had and received and interest upon that amount from the date of payment (*see* discussion at section IV). The trial court was correct to award the class of plaintiffs who paid the fee within two years of filing suit treble damages under the statute and the class of plaintiffs who paid the fee within three to five years of filing suit actual damages and interest.

IV.

 Lastly, Countrywide argues that the trial court erred in awarding prejudg-

---

**5.** Because an action of money had and received is based on an implied contract of repayment, the statute of limitations is governed by section 516.120(1), providing that the cause of action must be brought within five years. *See Nat'l Sur. Co. v. Columbia Nat. Bank of Kansas City,* 348 Mo. 226, 153 S.W.2d 364, 368 (1941). In this case, the plaintiff class was defined to include all plaintiffs who paid the document preparation fee within five years before suit. Therefore, the statute of limitations does not bar any of the plaintiffs that sought recovery in this case.

ment interest because the trial court lacked any statutory or contractual authorization to award prejudgment interest. The issue of prejudgment interest must be analyzed separately regarding the class of individuals who paid the unauthorized fees between three and five years prior to filing suit and are entitled to recovery under the theory of money had and received and those who paid within two years of filing suit and are entitled to treble damages pursuant to section 484.020.2.

### a.

◼ Because the action of money had and received is based on equitable principles, the determination of whether to allow prejudgment interest resides in the discretion of the trial court. *See 21 West, Inc. v. Meadowgreen Trails, Inc.,* 913 S.W.2d 858, 871–72 (Mo.App.1995); *Boyle v. Crimm,* 363 Mo. 731, 253 S.W.2d 149, 157 (1952).[6] In this case, each class member will have a certain date that the unauthorized fee was charged and the amount of the fee is known. There is no reason why they would not be entitled to recover the time value of this sum. Countrywide was not authorized to charge this fee nor should it be allowed to retain the time value of the money collected. There was no abuse of discretion in awarding prejudgment interest to the class of plaintiffs who paid a document preparation fee within three to five years prior to filing suit.

### b.

◼ The trial court also awarded prejudgment interest to the plaintiffs who recovered treble damages under the statute, calculating interest based on the recovery of the document preparation fee prior to trebling. Section 484.020.2 is silent regarding prejudgment interest, expressly authorizing recovery only for "treble the amount which shall have been paid him."

Courts have taken different approaches to awarding interest in addition to the statutory multiple damage awards. Some courts, emphasizing the compensatory purpose of prejudgment interest, have allowed the party to recover interest on the amount of actual damages before they were doubled or trebled. *See Muehlstedt v. City of Lino Lakes,* 473 N.W.2d 892, 896 (Minn.Ct.App.1991); *DeWitt v. Medley,* 117 Idaho 744, 791 P.2d 1323, 1327 (Idaho Ct.App.1990); *Andersen v. Edwards,* 625 P.2d 282, 289–90 (Alaska 1981). Other courts have looked to the legislative intent of the statute, typically precluding interest on any portion of the damages if the statute does not provide for interest and the statutory award satisfies the purpose of the statute. *See American Timber & Trading Co. v. First Nat'l Bank of Oregon,* 690 F.2d 781, 784–86 (9th Cir.1982); *Ventoza v. Anderson,* 14 Wash.App. 882, 545 P.2d 1219, 1230 (1976); *Rayonier, Inc. v. Polson,* 400 F.2d 909, 921–22 (9th Cir. 1968).[7]

The primary purpose of section 484.020.2 is to protect the public from the rendition of services deemed to require special fitness and training by those not possessing the required legal qualifications. *See Bray v. Brooks,* 41 S.W.3d 7, 13 (Mo.App.2001). The penalty of treble damages adequately accomplishes this purpose. In addition, plaintiffs, who recover treble damages under the statute, receive substantially more than their actual dam-

---

**6.** For a more general discussion of prejudgment interest, see *Akers v. City of Oak Grove,* 246 S.W.3d 916, 922 (Mo. banc 2008).

**7.** For more discussion of approaches to prejudgment interest awards on the recovery of multiple damages, see *Right to Prejudgment Interest on Punitive or Multiple Damages Awards,* 9 A.L.R. 5th 63 (1993).

ages and interest on that amount. The legislature provided a significant penalty in the express language of the statute and has more than compensated those who were harmed. This Court will not read into the statute an additional recovery of prejudgment interest.

It was an abuse of discretion to award plaintiffs who recovered treble damages pursuant to section 484.020.2 prejudgment interest.

### V.

The award of prejudgment interest to plaintiffs who recovered treble damages is reversed. In all other respects, the judgment is affirmed.

All concur.