STATE of Missouri ex rel. Robert EVANS, et al., Appellants,

v.

BROWN BUILDERS ELECTRICAL COMPANY, INC., et al., Respondents.

No. SC 88574.

Supreme Court of Missouri, En Banc.

May 20, 2008.

John M. Albright, Moore, Walsh & Albright, LLP, Poplar Bluff, MO, for Appellants.

Larry Brown, pro se, Amber Van Hauen, Kathryn G. Lee, Kansas City, MO, for Respondents Camden Builders, Inc., and St. Paul Fire & Marine Insurance Co.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael E. Pritchett, Asst. Attorney Gen-

eral, Jefferson City, MO, for Amicus Curiae Missouri Attorney General.

PATRICIA BRECKENRIDGE, Judge.

Robert Evans, David Crowder, Shawn Hanley, and Ricky Robinson ("Plaintiffs") appeal the trial court's judgment denying their claim that Brown Builders Electrical Company failed to pay them the minimum base-wages required by statute. Specifically, Plaintiffs claim that the trial court erred in not awarding them the minimum apprentice wages, set at a percentage of the prevailing wage rate as required by the prevailing wage law, sections 290.210 to 290.340, RSMo 2000.[1] They also assert that the trial court erred in awarding prejudgment interest from the date of the service of the summons instead of from the date they were not paid the prevailing wage and in entering judgment in favor of the surety. The judgment of the trial court is affirmed in part and reversed in part. The case is remanded.

**Factual and Procedural Background[2]**

In 2001, Camden Builders, Inc., was the general contractor on a public works project to build student housing on the Three Rivers Community College campus in Poplar Bluff ("public works project"). Camden subcontracted the electrical work to Brown Builders.

Brown Builders maintained an apprentice program that was registered with the Bureau of Apprenticeship and Training of the United States Department of Labor. This program set forth the wages that apprentices were to receive. It stated, "The apprentices shall be paid a progressively increasing schedule of wages consistent with skill, performance, and knowledge acquired." The apprentice wages were expressed as a percentage of the "sponsor's wage rate for a fully trained professional in the occupation" with the "starting rate for an apprentice without prior experience ... not ... less than 46.2% of the sponsor's skilled rate for the occupation." The program stated that "sponsor's current rate for the occupation is $13[ ] per hour[.]"

Plaintiffs are all entry-level electrician apprentices under this registered program and, as such, were to make 46.2% of the "sponsor's wage rate." Between October 27, 2004, and June 21, 2005, Plaintiffs individually filed petitions against Brown Builders, Camden, and St. Paul Fire and Marine Ins. Co. alleging that they provided labor on the public works project and Brown Builders paid them less than required by the prevailing wage law. In their petition, Plaintiffs prayed for attorney's fees and double the amount allegedly underpaid, with interest, pursuant to section 290.300.

Plaintiffs' cases were consolidated for a hearing before the trial court, and on July 7, 2006, the trial court entered a judgment for Plaintiffs and against Brown Builders and Camden for unpaid fringe benefits in the amount of $15.02 per hour and doubled that amount pursuant to section 290.300.[3]

---

1. All statutory references are to the RSMo 2000, unless otherwise specified.

2. This Court transferred this case after an opinion by the Court of Appeals, Southern District, authored by the Honorable Phillip R. Garrison. Substantial portions of that opinion are used without further attribution. This Court has jurisdiction. Mo. Const. article V, section 10.

3. Section 290.300 states:
 Any workman employed by the contractor or by any subcontractor under the contractor who shall be paid for his services in a sum less than the stipulated rates for work done under the contract, shall have a right of action for double whatever difference there may be between the amount so paid and the rates provided by the contract together with a reasonable attorney's fee to

In addition, the trial court awarded Plaintiffs prejudgment interest from the date of the service of summons. The trial court did not find that Plaintiffs were entitled to a judgment for underpaid wages. Further, the trial court entered judgment in favor of St. Paul, the surety, finding that any claim against St. Paul was barred for lack of notice. Plaintiffs filed this appeal.[4]

## Standard of Review

Appellate courts review a court-tried case under the standard elucidated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). This Court will affirm the judgment of the trial court unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* Statutory interpretation, however, is an issue of law that this Court reviews de novo. *State ex rel. Wolfrum v. Wiesman*, 225 S.W.3d 409, 411 (Mo. banc 2007).

## Claims for Underpaid Wages Pursuant to Prevailing Wage Law

Plaintiffs assert the trial court erred in not including in its judgment an award for underpaid wages because Brown Builders was required to pay them a percentage of the prevailing wage for electricians in Butler County.[5] The record reveals that while working on the public works project, Plaintiffs were paid between $6 and $12 per hour. They claim they were underpaid because the prevailing wage law required they receive at least $12.75 per hour. Plaintiffs reach this figure by maintaining that the prevailing wage law requires they be paid 46.2%, the percentage specified for entry-level apprentices in the registered apprentice program, of $27.85, which is the prevailing hourly wage rate for an electrician in Butler County as determined by the Missouri Division of Labor Standards and listed in the annual wage order.

Under the prevailing wage law, all workers employed by private contractors in the construction of public works must be paid not less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed. Section 290.230; *State Dep't of Labor and Indus. Relations, Div. of Labor Standards v. Bd. of Pub. Utilities of the City of Springfield*, 910 S.W.2d 737, 740 (Mo.App.1995). The prevailing wage law specifically gives the Missouri Department of Labor and Industrial Relations ("the department") the power to "establish rules and regulations for the purpose of carrying out" the prevailing wage law. Section 290.240.

In this capacity, the department enacted 8 CSR 30–3.030 specifically dealing with how apprentices are to be paid. It states that apprentices "shall be permitted to work at less than" the prevailing hourly wage rate as long as they are "employed pursuant to and individually registered in

be determined by the court, and an action brought to recover same shall be deemed to be a suit for wages, and any and all judgments entered therein shall have the same force and effect as other judgments for wages.

4. In Plaintiffs' notices of appeal, they include Brown Builders, Camden, and St. Paul as respondents to this appeal. Plaintiffs, however, dismissed both Camden and St. Paul with prejudice as to any and all claims before the case was submitted to the court of appeals.

This Court, therefore, declines to address any points relating to issues exclusively concerning Camden or St. Paul.

5. Brown Builders did not file a brief in this appeal. "A respondent is not required to file a brief, although such a practice certainly is not to be encouraged, and he does not have the burden on appeal to establish the correctness of the judgment." *Lakin v. Postal Life & Cas. Ins. Co.*, 316 S.W.2d 542, 549 (Mo.1958).

a bona fide apprenticeship program registered with the United States Department of Labor, Employment and Training Administration, Bureau of Apprenticeship and Training." 8 CSR 30–3.030(2). In this case, Plaintiffs were apprentices in a program properly registered with the United States Department of Labor. They were, therefore, allowed to make less than the prevailing hourly wage rate. The issue to be determined is how much their rate of pay should be.

8 CSR 30–3.030(2) states, "Every apprentice shall be paid at not less than the rate specified in the registered program for the apprentice's level of progress, expressed as a percentage of the journeymen hourly rate for the class or type of worker specified in the applicable wage determination." The question on appeal is whether the phrase "journeymen hourly rate ... in the applicable wage determination" means the prevailing hourly wage rate, as Plaintiffs allege, or the rate specified by Brown Builders in the apprenticeship program.

▆▆ The same rules of construction are used to interpret regulations as are used to interpret statutes. *Teague v. Missouri Gaming Comm'n*, 127 S.W.3d 679, 685 (Mo.App.2003). "The primary rule of statutory interpretation is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words in their plain and ordinary meaning." *In re Boland*, 155 S.W.3d 65, 67 (Mo. banc 2005). In determining the intent and meaning of statutory language, "the words must be considered in context and sections of the statutes in pari materia, as well as cognate sections, must be considered in order to arrive at the true meaning and scope of the words." *State ex rel. Wright v. Carter*, 319 S.W.2d 596, 600 (Mo. banc 1959). "The provisions of a legislative act are not read in isolation but construed together, and if reasonably possible, the provisions will be harmonized with each other." *Bachtel v. Miller County Nursing Home Dist.*, 110 S.W.3d 799, 801 (Mo. banc 2003).

In this case, the terms in the phrase at issue, "journeymen hourly rate ... in the applicable wage determination," appear elsewhere in 8 CSR 30–3.030, and the intended meaning of those words is clear when they are read in the context of 8 CSR 30–3.030 in its entirety. 8 CSR 30–3.030(1) states that workers employed by contractors engaged in public works construction must be paid the "journeymen's rate of pay." Because workers employed by or on behalf of any public body engaged in the construction of public works must be paid at least the prevailing hourly rate of wages for similar work in the locality where the work is performed, the "journeymen's rate" in this context is synonymous to the prevailing wage set by the department in its annual wage order. Section 290.230. Apprentices may earn less than the prevailing rate if they are employed pursuant to and individually registered in an apprenticeship program. 8 CSR 30–3.030(1).

If a worker is listed on the payroll at the apprentice wage rate, but is not employed pursuant to and registered in an apprenticeship program, the worker "shall be paid not less than the applicable wage rate on the wage determination for the class or type of work actually performed."[6] 8 CSR 30–3.030(2). Further, if the construc-

---

**6.** As the State's amicus brief aptly points out, the term "wage determination" as used in this sentence must refer to the prevailing wage rate specified in the department's annual wage order, not a wage determined by the employer and listed in the registered program, because this sentence may cover a situation where there is no registered apprenticeship program.

tion site's apprentice-to-journeyman ratio exceeds that permitted under the registered program, those apprentices in excess of the ratio must be paid at least the prevailing wage. *Id.*

8 CSR 30–3.030(2) then directs that an apprentice's pay rate shall be "not less than the rate specified in the registered program for the apprentice's level of progress, expressed as a percentage of the journeymen hourly rate for the class or type of worker specified in the applicable wage determination." *Id.* In context, the only reasonable interpretation of that phrase is that an apprentice's wages are based on a percentage of the prevailing rate paid to journeymen for the occupation as listed in the department's annual wage order. As apprentices accumulate experience and skill, they earn a higher percentage of the prevailing rate paid to journeymen. "Once an apprentice achieves full journeymen status, i.e. fully-trained and finished with their apprenticeship status, then they must be paid the full prevailing wage rate." *HTH Companies, Inc. v. Missouri Dep't of Labor and Indus. Relations,* 157 S.W.3d 224, 227–28 (Mo.App. 2004).

Other provisions of the prevailing wage law and its corresponding regulations support this conclusion. Section 290.262 states that "the department shall annually investigate and *determine* the prevailing hourly rate of *wages* in each locality for each separate occupational title." (Emphasis added). Although the term is not defined by statute, "wage determination" is consistently used interchangeably with the rate specified in the department's annual wage order. *See* section 290.210.5 (governing how a contractor may discharge its obligation to pay employees in

accordance with "the prevailing *wage determinations* of the department"); 10 CSR 20–4.040(18)(H) (stating that bid documents for clean water projects paid for with public grants "shall contain the current prevailing *wage determination* issued by the [department]"); 8 CSR 20–5.010 (stating that the purpose of the rule is to specify procedures for objecting to wage orders, "including prevailing *wage determinations*"). Clearly, "wage determination," under the prevailing wage law, refers to prevailing wages formulated by the department for each occupational title and listed in the annual wage order.

In this case, entry-level apprentices were to be paid at least 46.2%, the registered program's percentage for entry-level apprentices, of $27.85, the prevailing hourly wage for an electrician in Butler County. Plaintiffs received less than this minimum wage. Brown Builders' regular salary for journeyman electricians, listed in the registered program as $13 per hour, has no bearing on apprentice electricians' wages for this project because it is a public works contract. The trial court, therefore, erred in failing to award Plaintiffs underpaid wages.

### Brown Builders' Liability for Prejudgment Interest

Plaintiffs also claim the trial court erred in awarding prejudgment interest from the date of the service of summons instead of from the date they were not paid the prevailing wage. They claim this was erroneous because a written contract required they be paid the prevailing wage and section 408.020 allows interest on "all moneys after they become due and payable, on written contracts."[7]

---

7. The trial court's award of prejudgment interest from the date of service of the petition was entered against Brown Builders and

Camden. The trial court entered judgment in favor of St. Paul, finding that any claim against St. Paul was barred for lack of notice.

The written contract on which Plaintiffs rely in their brief as support for their claim of prejudgment interest is the written contract between Camden and Three Rivers Community College. Plaintiffs are third-party beneficiaries of this contract, because the contract expresses the intent to benefit them as workers who fall under the prevailing wage law. *See Verni v. Cleveland Chiropractic Coll.*, 212 S.W.3d 150, 153 (Mo. banc 2007) ("To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member").

 Although Brown Builders is not a party to the general contract between Camden and Three Rivers Community College, it is bound to the general contract's employment terms by the written subcontract between it and Camden. Under section 408.020, Plaintiffs are entitled to a judgment against Brown Builders for prejudgment interest on the underpaid wages and fringe benefits, calculated from the date the wages became due and payable under the contract.

 The finding that Plaintiffs are entitled to prejudgment interest from the date the underpaid wages and fringe benefits became due and payable, however, does not end the analysis. Plaintiffs also sought judgment for double the underpaid amounts, pursuant to section 290.300, and the trial court awarded double the amount of the fringe benefits owed to Plaintiffs. Because Plaintiffs are entitled to underpaid apprentice wages, in addition to fringe benefits, Plaintiffs are entitled to double the underpaid apprentice wages as well. *See, e.g., Bonney v. Envtl. Eng'g Inc.*, 224 S.W.3d 109, 122 (Mo.App.S.D.

2007) ("When the 'prevailing hourly rate of wages,' including the appropriate fringe benefits, are not paid to a workman, that workman is entitled to bring suit for double damages under [s]ection 290.300").

While this case was pending on appeal, this Court issued its opinion in *Carpenter v. Countrywide Home Loans, Inc.*, 250 S.W.3d 697 (Mo. banc 2008). In *Carpenter*, the issue was whether plaintiffs could recover both a statutory penalty of three times the fee charged for the unauthorized practice of law and prejudgment interest on the amount of actual damages. *Id.* The Court held that the plaintiffs could not. *Id.* The Court found that the legislature's failure to provide for prejudgment interest in the statute authorizing treble damages for the unauthorized practice of law indicated the legislature's intent that interest not be available. *Id.* The penalty of treble damages adequately served to protect the public from those not authorized to practice law and, by receiving treble damages, the plaintiffs would receive "substantially more than their actual damages and interest on that amount." *Id.*

 In this case, section 290.300 provides that workers can recover double the difference between the amount of wages and fringe benefits required by statute and the amount actually paid. The statute also authorizes that the workers can recover "a reasonable attorney's fee to be determined by the court." But, like *Carpenter*, the statute does not authorize prejudgment interest on the underpaid wages and fringe benefits. Therefore, Plaintiffs must elect their remedy. Plaintiffs can obtain a judgment for the underpaid wages and fringe benefits, and prejudgment interest on that amount from the date the wages were due and payable under the contract between

As previously noted only the provisions in the judgment relating to Brown Builders are be-

fore this Court.

Brown Builders and Camden. Alternatively, under section 290.300, Plaintiffs can recover double the difference between the amount of wages required and the amount paid, plus reasonable attorney's fees. Plaintiffs, however, cannot recover both double damages and prejudgment interest.

In sum, Plaintiffs are entitled to a judgment against Brown Builders for: (a) underpaid wages calculated on the rate of $27.85 per hour and (b) underpaid fringe benefits calculated on the rate of $15.02 per hour. Plaintiffs are also entitled to either prejudgment interest of nine percent on the underpaid wages and fringe benefits from the date the wages and benefits were due and payable or the statutory penalty provided by section 290.300.

The judgment of the trial court as to Brown Builders is reversed. In all other respects, the judgment is affirmed. The cause is remanded.

All concur.